◾ In the Matter of the Arbitration between JORDAN LEVY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an award made in arbitration, the appeal is from a judgment of the Supreme Court, Queens County, dated November 18, 1977, which granted the petitioner's application and failed to grant appellant's cross motion to confirm the award. Judgment reversed, on the law, with $50 costs and disbursements, application to vacate the award denied and cross motion to confirm the award granted. We need not consider the question of alleged misconduct on the part of the arbitrator, since the petitioner's motion to vacate the arbitrator's award was not timely. CPLR 7511 (subd [a]) requires that a party seeking to vacate an arbitrator's award move to do so within 90 days of the delivery of the award

to him. The award here was transmitted to the parties on January 24, 1977, but the petitioner's motion to vacate was made on June 28, 1977. The petitioner asserts that the award did not become final until April 1, 1977, and thus the motion was timely. On that day, the American Arbitration Association informed the petitioner that additional arbitration which was scheduled for April 15, 1977 had been canceled. It also informed him how to proceed if he desired to "re-open" the prior arbitration. In addition, the arbitration which resulted in the January 24, 1977 award bore a different case number than the one scheduled for April 15, 1977. Thus, there were two separate proceedings. Therefore, the petitioner's motion of June 28, 1977, to vacate the arbitrator's award dated January 24, 1977, was not made within the 90-day limit specified by statute. Hopkins, J. P., Martuscello, Damiani and Rabin, JJ., concur.