698 P.2d 880

Dr. Lynn C. SHAW, D.D.S., P.C., and
Dr. Lynn C. Shaw, D.D.S.,
individually, Plaintiff-Appellee,

v.

KUHNEL & ASSOCIATES, INC., a Texas
corporation, Control Development Cor-
poration, a Texas corporation, Mel
Kuhnel, Sam Planta, Bill Cunningham,
James T. (Jim) Thompson, Steve Grin-
nel and James C. Greenwood, Defend-
ants-Appellants.

Dr. Horace E. ROSS, D.D.S., P.C., and
Dr. Horace E. Ross, D.D.S.,
individually, Plaintiff-Appellee,

v.

KUHNEL & ASSOCIATES, INC., a
Texas corporation, et al.,
Defendants-Appellants.

Nos. 15409, 15410.

Supreme Court of New Mexico.

Jan. 28, 1985.

Rehearing Denied Feb. 20, 1985.

Raymond W. Schowers, Allan L. Wain-
wright, Sutin, Thayer & Browne, Albuquer-
que, for appellants.

John M. Renfrow, Maddox & Renfrow,
Hobbs, for appellee Shaw.

R.E. Richards, Hobbs, for appellee Ross.

**OPINION**

RIORDAN, Justice.

Dr. Horace E. Ross and Dr. Lynn C.
Shaw (plaintiffs) each brought separate
suits against Kuhnel & Associates, Inc. and
Control Development Corporation (CDC)
(defendants) for breach of contract and
fraud regarding architectural and construc-
tion contracts for the construction of dental
offices. The plaintiffs also sought punitive
damages against the defendants. The de-
fendants moved to stay the proceedings
and compel arbitration pursuant to the

terms of the contracts. The district court then consolidated the cases for purposes of hearing the motion. The defendants' motion to stay proceedings and compel arbitration was subsequently denied. The defendants appeal. We affirm and have likewise consolidated the cases for purposes of appeal.

The plaintiffs each entered into contracts with the defendants for the construction of dental offices. Each agreement provided that disputes between the parties would be settled by arbitration.

Both defendants are Texas corporations unauthorized to do business in New Mexico, contrary to NMSA 1978, Section 53–17–1 (Repl.Pamp.1983). CDC is also unlicensed to perform work as a general contractor in New Mexico, contrary to NMSA 1978, Section 60–13–12 (Repl.Pamp.1984).

Due to CDC's failure to obtain New Mexico licensure, on September 16, 1983, work on both projects was ordered to cease by a state building inspector for the Construction Industries Division. The plaintiffs were thus forced to enter into new contracts with a properly licensed New Mexico general contractor.

On appeal, the defendants argue that the dispute between the parties should proceed to arbitration as required by the contracts.

■ New Mexico policy favors and encourages arbitration of disputes. *K.L. House Construction Co., Inc. v. City of Albuquerque*, 91 N.M. 492, 576 P.2d 752 (1978). Generally, parties are bound by their contractual agreements to resolve disputes by arbitration. *Christmas v. Cimarron Realty Co.*, 98 N.M. 330, 648 P.2d 788 (1982).

■ However, a motion to compel arbitration is essentially a suit for specific performance of an agreement to arbitrate. 6 C.J.S. *Arbitration* § 35 (1975). NMSA 1978, Section 53–17–20(A) (Repl.Pamp. 1983), prohibits a foreign corporation that is transacting business within this state without a certificate of authority from maintaining "any action, suit or proceeding in any court of this state, until the corpora-

tion has obtained a certificate of authority." Thus, the defendants (each being without a certificate of authority) are unable to compel the plaintiffs to arbitrate this dispute.

■ Further, with regard to CDC and its failure to obtain proper licensure as a general contractor in New Mexico, "[a]rbitration proceedings will be enjoined where * * * the performance that is the subject of the demand for arbitration is prohibited by statute * * *." 5 Am.Jur.2d *Arbitration and Award* § 83 (1962). Under Section 60–13–12, the performance by CDC of its contracts with the plaintiffs is prohibited and arbitration of disputes arising thereunder is improper. It is unclear from the record on appeal whether Kuhnel is properly registered to practice architecture in New Mexico. If Kuhnel is not properly registered as required under NMSA 1978, Section 61–15–1 (Repl.Pamp.1981), then performance of its contracts with the plaintiffs is also prohibited and they, too, are enjoined from compelling this dispute to arbitration.

■ We address the following issue (although unnecessary to a determination of this case) to clarify future litigation on the subject. The defendants argued that all of the issues herein involved were subject to arbitration. We disagree. The plaintiffs alleged fraud in the inducement and sought punitive damages against the defendants. We hold that neither of these issues are arbitrable under the language of the contract as written in this case.

NMSA 1978, Section 44–7–1 provides in pertinent part:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Our interpretation of Section 44–7–1 is that an arbitration clause is enforceable and valid *unless* there are legal or equitable grounds for revoking it. It would be ridiculous and contrary to the statutory lan-

guage to require parties to arbitrate an issue of fraud in the inducement only to have the arbitration clause declared invalid if such fraud is found to exist by the arbitrator. This would force parties to arbitrate an issue which by statute would invalidate the arbitration clause.

It is for a court to determine issues of fraud in the inducement, not an arbitrator. If no fraud is found, the remaining issues can proceed to arbitration. This conclusion is buttressed by the wording of NMSA 1978, Section 44–7–2(A), in which *the court* is given the power to determine whether a valid arbitration agreement exists.

We also determine that an arbitrator should not be given authority to award punitive damages. This power is reserved to the courts. *Garrity v. Lyle Stuart, Inc.,* 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793 (Ct.App.1976).

The trial court properly denied the defendants' motion to compel arbitration, and we therefore affirm.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.