**Dale HART, Plaintiff/Appellant,**

v.

**Richard METZGER, et al.,
Defendants/Respondents.**

**No. 61096.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 12, 1992.

Mary Ann Weems, Clayton, for plaintiff/appellant.

Thomas M. Falch, St. Peters, for defendants/respondents.

REINHARD, Presiding Judge.

Plaintiff appeals from the court's dismissal of his motion to confirm an arbitration award. We reverse.

Plaintiff was employed as a firefighter by the Pattonville–Bridgeton Terrace Fire Protection District (District) and was a member of Local 2665 of the Professional Firefighters of St. Louis County (Union). District terminated plaintiff's employment. Plaintiff filed a grievance pursuant to a provision of the working agreement between the Union and the District which was adopted by ordinance. This part of the agreement provided for the submission of grievances to an arbitration board. The arbitration board was to consist of three members: one selected by the employer/district; one selected by the union; and the third mutually selected by the union and the employer/district. The agreement provided that a majority decision by the arbitration board would be final and binding on the parties.

The defendants initially agreed to submit the grievance to arbitration and selected their arbitrator. An arbitration hearing was held on January 5, 1987. During opening remarks at the hearing, defendants' attorney apparently advised plaintiff that defendants would not be bound by the outcome. The arbitration board found that employer/district did not have just cause to dismiss plaintiff and recommended that he be reinstated with conditions.[1]

The district refused to reinstate plaintiff. It also failed to take any action to vacate the arbitration award.

On December 22, 1987, plaintiff filed an application to confirm arbitration decision. Following a trial on the merits, the court

---

1. The conditions were the following:
   (1) [Plaintiff] [p]laced on probation in connection with the instant proceeding for a period of one (1) year, during which time any violation of the district's rules and regulations may at the discretion of the Board of Directors, result in suspension or termination, and
   (2) [Plaintiff to] [r]efrain from gambling on the employer's premises and/or using its telephone to gamble for the duration of his employment.

sustained defendant's motion to dismiss which alleged, *inter alia,*

> that said contract between the Pattonville–Bridgeton Terrace Fire Protection District and Local 2665 is unenforceable concerning plaintiff's termination, since under RSMo 321.200, only the Board of Directors of a fire protection district is allowed to exercise the powers of the Board, without any delegation of said powers to any other governmental or other body or entity or association.

The court held that the statute prohibits delegation of authority by the board. On appeal, plaintiff contends that the court erred in sustaining the motion to dismiss because the arbitration award which he sought to confirm was not the product of an improper delegation of authority under § 321.200.1, RSMo 1986.

Arbitration agreements have long been widely used in the private business sector; that use has been highly favored by the courts. *Roberts v. City of St. Joseph,* 637 S.W.2d 98, 101 (Mo.App.1982). *See United Steel Workers of America v. Warrior and Gulf Navigation Company,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). In the public employment sector, the use of binding arbitration lagged far behind. *Roberts* at 101. When binding arbitration was introduced for governmental employees, it met strong initial judicial resistance. *Id.*

> The present trend, however, especially in handling grievances under existing contracts, is to recognize and enforce provisions for binding arbitration. As stated in *Legality and Propriety of Agreements to Arbitrate Major and Minor Disputes in Public Employment,* 54 Cornell Law Review 129, 130 (1968), "a trend has developed toward arbitration as the final step in public employment grievance procedures ... binding arbitration of minor disputes is gaining acceptance at state and local levels." The same trend is noted in Annot., 68 A.L.R.3d 885, 892 (1976).

*Id.* at 101–102.

In *Roberts v. City of St. Joseph,* 637 S.W.2d 98, our Western District colleagues approved the binding arbitration procedure in a case involving the grievance of a fire department employee. The court affirmed the issuance of a writ of mandamus compelling defendant city to submit plaintiff's grievance to binding arbitration pursuant to agreements and procedure contained in the city's personnel manual. In response to the contention that its use constituted an improper delegation, the court stated:

> It is quite uniformly conceded that there cannot be a delegation of legislative responsibility without setting forth reasonable standards to control the administrative action. On the other hand, it is also generally agreed that there may be delegation when proper standards are created ... In determining whether or not adequate standards have been provided, the cases also generally recognize the need for flexibility in the field of labor relations.

*Id.* at 102. The court went on to hold that the personnel rules at issue gave adequate guidelines and standards to be applied by the arbitrator. *Id.*

The present case involves a claim that the delegation is prohibited by the statute governing boards of directors of fire protection districts rather than by the constitutional doctrine prohibiting delegation of legislative authority. Section 321.200.1, RSMo 1986 provides in relevant part:

> The board, acting as a board, shall exercise all powers of the board, without delegation thereof to any other governmental or other body or entity or association, and without delegation thereof to less than a quorum of the board. Agents, employees, engineers, auditors, attorneys, firemen and any other member of the staff of the district may be employed or discharged only by a board which includes at least two directors; but any board of directors may suspend from duty any such person or staff member who willfully and deliberately neglects or refuses to perform his or her regular functions.

However, we need not reach the delegation issue because of the procedural posture of the case. Missouri has adopted the

Uniform Arbitration Act, § 435.350 *et seq,* RSMo 1986. The Act applies to this controversy. Section 435.465, RSMo 1986.[2] Under the Act, "Upon application of a party, the court *shall* confirm an award, *unless* within the time limits hereinafter imposed [90 days] grounds are urged for vacating or modifying or correcting the award ..." § 435.400, RSMo 1986 (emphasis ours). It is agreed that defendants failed to file a motion to vacate or a motion to modify or correct the award within 90 days. §§ 435.-405 & 435.410, RSMo 1986. We have previously held that in the absence of such motions, confirmation under the statute is mandatory. *McClellan v. Barrath Const. Co., Inc.,* 725 S.W.2d 656, 659 (Mo.App. 1987).

Under Rule 84.14, we may give such judgment as the trial court ought to give. We therefore reverse the judgment and enter an order that the arbitration award is confirmed.

Judgment reversed.

GARY M. GAERTNER and CRANE, JJ., concur.

2. The Act also provides that, "Such [arbitration] agreements and provisions are valid, enforceable and irrevocable, save upon such grounds as

exist at law or in equity for the revocation of any contract." *Id. See also* § 435.350, RSMo 1986.