846 P.2d 307

UNITED TECHNOLOGY AND RE-SOURCES, INC., a New Mexico corporation, Plaintiff–Appellant,

v.

DAR AL ISLAM, a New Mexico corporation, and Crescent Leasing & Development Corp., Defendants–Appellees.

No. 20312.

Supreme Court of New Mexico.

Jan. 12, 1993.

Thomas L. Kalm, Albuquerque, for plaintiff-appellant.

White, Koch, Kelly & McCarthy, M. Karen Kilgore, Janet Clow, Santa Fe, for defendants-appellees.

OPINION

MONTGOMERY, Justice.

United Technology and Resources, Inc. ("U.T.R."), plaintiff below, appeals from a judgment of the district court confirming an arbitration award in its favor. The award provided that U.T.R. should recover from defendants, Dar Al Islam and Crescent Leasing & Development Corporation (collectively, "Crescent"), the entire amount of compensatory damages sought by U.T.R. for Crescent's breach of a construction contract, plus costs of the arbitration, but denied U.T.R.'s request for attorney's fees and recommended that no punitive damages be assessed in U.T.R.'s favor. U.T.R.'s appeal is based on its assertions that the court should have awarded attorney's fees under NMSA 1978, Section 48–2–14 (Repl.Pamp.1987), and that the court should have conducted a jury trial on

U.T.R.'s claim for punitive damages, notwithstanding the arbitrators' recommendation that the claim not be allowed. We hold that U.T.R. failed to contest the arbitrators' award regarding attorney's fees in a timely manner and that the district court acted properly in adopting the arbitrators' recommendation on punitive damages. We therefore affirm the court's judgment.

## I. FACTS

On August 30, 1984, U.T.R. contracted with Crescent to build a motel, retail shopping facility, and restaurant complex in Abiquiu, New Mexico. U.T.R. agreed to construct the project for approximately $722,000. Work began on the construction contract in September 1984 and continued until June 1985, at which time U.T.R. considered the project to be substantially completed. Upon completion of the work, U.T.R. claimed that Crescent owed it $163,976.40 for the balance due on the original contract plus amounts for additional work provided and materials delivered and incorporated into the project. U.T.R. filed a mechanic's lien for this amount in September 1985 and sued to foreclose on the lien in October. The suit also stated a claim for punitive damages, based on Crescent's alleged bad faith breach of contract.

In March 1989, in accordance with the procedure for settlement of disputes agreed to in the construction contract, Crescent filed a motion to compel arbitration under Section 44–7–2 of the Uniform Arbitration Act as adopted in New Mexico, NMSA 1978, Sections 44–7–1 to –22 (Orig. Pamp. & Cum.Supp.1992), and to stay the action pending arbitration. The district court granted the motion in June of that year and entered findings of fact and conclusions of law finding generally that, despite Crescent's inactivity since filing of the lawsuit three and one-half years before, Crescent had not waived its right to demand arbitration of disputes arising under the contract. The court's order reserved "jurisdiction over those matters not subject to arbitration, including but not limited to the issue of punitive damages, if any, ... which shall be resolved in a trial on the merits, with those issues triable by jury presented to a jury for resolution."

In August 1990, the parties conducted an arbitration administered by the American Arbitration Association, and in October 1990 the three-member panel issued its award. The panel awarded U.T.R. compensatory damages in the amount of $170,000.00 and required Crescent to pay an additional $11,476.74 as the costs of the arbitration proceeding. Crescent paid both amounts in full shortly after the award was issued.

On the subject of attorney's fees, the arbitrators stated: "We can find no legal basis in New Mexico for the award of attorney's fees in this arbitration, which proceeded upon a claim of 'bad faith breach of contract'." Accordingly, the award provided: "Any request for an award of attorney's fees is denied."

With respect to punitive damages, the arbitrators held: "We are not authorized to rule on Claimant's request for an award of punitive damages, however, it is recommended to. the court that no punitive damages be assessed in this matter."

On July 22, 1991, Crescent applied for confirmation of the award pursuant to Section 44–7–11. In its response to the application, U.T.R. stated that it had "no problem with confirmation of the arbitration award," but claimed that the issue of punitive damages remained to be resolved by a jury trial. On November 7, 1991, the district court issued its judgment confirming the award and adopting the recommendation of the arbitration panel that no punitive damages be assessed against Crescent. At the hearing on presentment of the judgment earlier that day, U.T.R. raised, for the first time in over a year since the arbitrators' entry of their award, the issue of attorney's fees.

U.T.R. appeals, raising two points. First, it argues that it is entitled to an award of reasonable attorney's fees under Section 48–2–14 for its enforcement of the mechanic's lien against Crescent. Second, U.T.R. argues that it is entitled to a jury trial on the issue of punitive damages for bad faith breach of contract because the

issue was not susceptible to resolution by arbitration.

## II. ANALYSIS

### A. Attorney's Fees

██ U.T.R. contends that the district court abused its discretion by failing to award it attorney's fees incurred in enforcing its mechanic's lien. The general rule in New Mexico, of course, is that absent statutory or other authority each party to litigation is responsible for its own attorney's fees. *Montoya v. Villa Linda Mall, Ltd.*, 110 N.M. 128, 129, 793 P.2d 258, 259 (1990). U.T.R. finds statutory authority for an award of attorney's fees in the New Mexico statutes governing mechanics' and materialmen's liens, NMSA 1978, Sections 48–2–1 to –17 (Repl.Pamp.1987 & Cum.Supp. 1992). Section 48–2–14 provides that in actions to enforce a mechanic's lien, "[t]he court may also allow ... reasonable attorney's fees in the district and supreme courts." *See Measday v. Sweazea*, 78 N.M. 781, 786, 438 P.2d 525, 530–31 (Ct.App. 1968) (legislative intent in mechanic's lien statute was to authorize allowance of attorney's fees in trial and appellate courts). U.T.R. maintains that since it won its action to enforce its mechanic's lien in full and Crescent's counterclaim was denied in its entirety, U.T.R. is entitled to its attorney's fees incurred in enforcing the lien.

██ Crescent raises two arguments in response to U.T.R.'s claim, one of which we find dispositive of this issue.[1] That argument is that U.T.R. failed to make a timely motion to vacate, modify, or correct the award and is thereby barred from challenging the arbitrators' refusal to award attorney's fees.

██ Under the Uniform Arbitration Act, a written agreement to submit a controversy to arbitration is valid, enforceable, and irrevocable, except on such grounds as may exist for revocation of the contract. Section 44–7–1. The legislature and the courts of New Mexico "have expressed a strong policy preference for resolution of disputes by arbitration." *Dairyland Ins. Co. v. Rose*, 92 N.M. 527, 530, 591 P.2d 281, 284 (1979). The legislative intent in establishing the Arbitration Act, and the policy of the courts in enforcing it, is to reduce caseloads in the courts. *Daniels Ins. Agency, Inc. v. Jordan*, 99 N.M. 297, 299, 657 P.2d 624, 626 (1982). In the interest of judicial economy, challenges to arbitration awards are severely limited by the Act. *Guaranty Nat'l Ins. Co. v. Valdez*, 107 N.M. 764, 767, 764 P.2d 1322, 1325 (1988). Once an arbitration panel has entered an award, "the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." *Melton v. Lyon*, 108 N.M. 420, 422, 773 P.2d 732, 734 (1989) (citing *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1146–47 (10th Cir.), *cert. denied*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982)).

The district court's review of an arbitration award is narrowly limited by the statutory grounds established in the Act. *State ex rel. Hooten Constr. Co. Inc. v. Borsberry Constr. Co. Inc.*, 108 N.M. 192, 193, 769 P.2d 726, 727 (1989). Section 44–7–11 of the Act provides:

> Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sec-

---

1. Crescent's other argument is that there is no statutory authority for the award of attorney's fees in this case because U.T.R. recovered damages under the arbitration clause of the contract and not as a result of foreclosing its mechanic's lien. We question the soundness of this contention. The statute provides for an award of reasonable attorney's fees in an action to enforce a mechanic's lien. *Lenz v. Chalamidas*, 109 N.M. 113, 118, 782 P.2d 85, 90 (1989). Section 48–2–14 does not require that a mechanic or materialman actually complete foreclosure on the lien in order to be eligible for recovery of attorney's fees; rather, it allows for recovery in actions taken *to enforce the lien*. Had U.T.R. properly preserved its claim for attorney's fees, we might well be inclined to hold that such fees may be recovered in actions taken (including an arbitration pursued) to enforce a lien, even though actual foreclosure of the lien may be rendered unnecessary, as it was in this case, by the lienee's payment of the amount due prior to entry of a decree of foreclosure.

tions 12 [44–7–12 NMSA 1978] and 13 [44–7–13 NMSA 1978].

Thus, the district court's review of an arbitration award is limited to the statutory grounds for vacating, modifying, or correcting it as specified in Sections 44–7–12 and 44–7–13. *Hooten Constr. Co.*, 108 N.M. at 193, 769 P.2d at 727. The language of the Act mandates that, in the absence of any of these statutory grounds, "the court shall confirm an award." Section 44–7–11.

Under Section 44–7–13, an award may be modified or corrected if the dissatisfied party applies to the appropriate court for such relief within a specified time period and establishes the grounds outlined in the section, which provides in relevant part:

A. Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is imperfect in a matter of form, not affecting the merits of the controversy.

Any challenge to an award made by an arbitration panel must be made under the grounds listed in Sections 44–7–12 [2] or 44–7–13, either through a motion to vacate or a motion to modify or correct the award. Any motion to vacate, modify, or correct, however, must be made within the time limitations established by the Act. The time limit for modifying or correcting an award under Section 44–7–13 is the same as that for vacating the award under Section 44–7–12: "within ninety days after delivery of a copy of the award to the applicant."

■ The short time period for moving courts to vacate, modify, or correct an award is consistent with the policy of encouraging arbitration "as a means of conserving the time and resources of the courts and the contracting parties." *K.L. House Constr. Co. v. City of Albuquerque*, 91 N.M. 492, 493, 576 P.2d 752, 753 (1978) (quoting *Nationwide Gen. Ins. Co. v. Investors Ins. Co. of Am.*, 37 N.Y.2d 91, 371 N.Y.S.2d 463, 465, 332 N.E.2d 333, 335 (1975)). The award is given finality within a short time by means of the ninety-day limitation on raising objections to the award. *See* Martin Domke, *Domke on Commercial Arbitration* § 33.01, at 464 (Gabriel M. Wilner ed., rev. ed. 1984) ("The relative brevity of the period assures that any challenge to the award will be promptly made; this is necessary in order to effect the speed and dispatch that is so essential a part of the arbitration process.")

The arbitrators issued their award in this case on October 18, 1990. Crescent intimates in its brief that the award was delivered on October 31, 1990, and U.T.R. does not object to this intimation, so we assume that U.T.R. received a copy of the award on or about that date. It is clear, however, that U.T.R. did not raise any objection to the award until November 7, 1991, at the hearing on presentment of the order confirming the award—over a year after it was delivered. At that hearing, U.T.R. briefly asserted that the district court had jurisdiction to award attorney's fees under Section 48–2–14.

As noted previously, the arbitration panel awarded on the issue of attorney's fees,

---

**2.** The grounds for vacating an award as specified in Section 44–7–12(A) are: "(1) [T]he award was procured by corruption, fraud, or other undue means; (2) there was evident partiality by an arbitrator appointed as neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [44–7–5 NMSA 1978], as to prejudice substantially the rights of a party; or (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 [44–7–2 NMSA 1978] and the party did not participate in the arbitration hearing without raising the objection."

denying any such request and finding that there was no legal basis in New Mexico for an award of attorney's fees in the arbitration. Since the arbitrators' award contained a ruling on the issue of attorney's fees, the district court could not properly grant the fees on its own accord. Before the court could consider the question of whether U.T.R. should recover its attorney's fees in the arbitration, a timely motion to correct the arbitration award should have been made.

U.T.R. conceivably could have moved, within ninety days after delivery of the award, to modify or correct it pursuant to Section 44–7–13(A)(2) as an award upon a matter not submitted to the panel. Had such a motion been granted, U.T.R. could then have asked the court to award attorney's fees under the authority in Section 48–2–14. U.T.R., however, made no objection to the award for over a year after the award was signed and delivered. Courts applying the Uniform Arbitration Act have consistently held that parties to arbitration who fail to present their substantive defenses within the statutory time limit are barred from later asserting those defenses.[3] By failing to file a motion to modify or correct within ninety days after delivery of the arbitrators' award, U.T.R. waived its right to present its substantive defenses to confirmation of the award. As the Tenth Circuit noted in construing Colorado's version of the Arbitration Act, "To permit a party to forego a timely challenge to the validity of an award and then raise its objections in an otherwise summary confirmation proceeding would be contrary to the policy of promoting quick and final resolution of [civil] disputes." *International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 966 (10th Cir.1987).

In the absence of timely presentation of any defense by U.T.R. to confirmation, the district court was required to confirm the award pursuant to Section 44–7–11, including the portion of the award denying attorney's fees. The trial court does not abuse its discretion when it acts in conformity with mandatory statutory requirements. *See Escobedo v. Agriculture Prods. Co.*, 86 N.M. 466, 474, 525 P.2d 393, 400–01 (Ct. App.1974) (finding no abuse of discretion where mandatory statutory provisions were followed). We find no abuse of discretion in the district court's refusal to award attorney's fees to U.T.R.

### B. Punitive Damages

U.T.R.'s second argument raises the issue whether the district court erred in

---

3. For further discussion of the strict application of the 90–day limitation on raising defenses to an arbitration award, *see* the following cases interpreting the Uniform Arbitration Act: *Local 2, Int'l Bhd. of Elec. Workers v. Anderson Underground Constr., Inc.*, 907 F.2d 74 (8th Cir.1990) (applying Missouri law); *International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962 (10th Cir.1987) (applying Colorado law); *Service Employees Int'l Union, Local No. 36 v. Office Center Servs., Inc.*, 670 F.2d 404 (3d Cir.1982) (applying Pennsylvania law); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023 (7th Cir.1980) (applying Indiana law), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *Hatch v. Double Circle Ranch*, 22 Ariz.App. 124, 524 P.2d 958 (1974); *State Farm Mut. Auto. Ins. Co. v. Cabs, Inc.*, 751 P.2d 61 (Colo.1988); *Jaffe v. Nocera*, 493 A.2d 1003 (D.C.1985); *Schroud v. Van C. Argiris & Co.*, 78 Ill.App.3d 1092, 34 Ill.Dec. 428, 398 N.E.2d 103 (1979); *School City of East Chicago, Ind. v. East Chicago Fed'n of Teachers, Local #511*, 422 N.E.2d 656 (Ind.Ct. App.1981); *Nick–George Ltd. Partnership v. Ames–Ennis, Inc.*, 279 Md. 385, 368 A.2d 1001 (1977) (applying Maryland law with 30–day time limitation for raising defenses to arbitration award); *Bernstein v. Gramercy Mills, Inc.*, 16 Mass.App. 403, 452 N.E.2d 231 (1983) (applying Massachusetts law with 30–day time limitation for raising defenses to arbitration award); *Component Sys., Inc. v. Murray Enters. of Minn., Inc.*, 300 Minn. 21, 217 N.W.2d 514 (1974); *Hart v. Metzger*, 834 S.W.2d 236 (Mo.Ct.App.1992); *Nix v. Spector Freight Sys., Inc.*, 62 N.J.Super. 213, 162 A.2d 590 (1960); *Levy v. Allstate Ins. Co.*, 63 A.D.2d 982, 406 N.Y.S.2d 109 (1978); *Emporium Area Joint Sch. Auth. v. Anundson Constr. & Bldg. Supply Co.*, 402 Pa. 81, 166 A.2d 269 (1960); *T & M Properties v. ZVFK Architects & Planners*, 661 P.2d 1040 (Wyo.1983). *See also* the following cases applying Section 12 (which prescribes a three-month limitation) of the Federal Arbitration Act, 9 U.S.C. §§ 1 to 14 (1982); *Taylor v. Nelson*, 788 F.2d 220 (4th Cir.1986); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir.1984); *Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Celotex Corp.*, 708 F.2d 488 (9th Cir.1983).

**6**

denying U.T.R. a jury trial on the question of punitive damages. U.T.R. argues that the issue of punitive damages had been reserved for jury trial, noting that such a trial had been demanded and the fee paid. U.T.R. asserts that, since the arbitrators have no authority to award punitive damages, *see Shaw v. Kuhnel & Assocs., Inc.,* 102 N.M. 607, 609, 698 P.2d 880, 882 (1985), the issue of punitive damages was not before the arbitration panel and thus should have been presented to a jury for resolution. On the facts of this case, we disagree.

As noted previously, the arbitrators, while not making a ruling one way or the other on the issue of punitive damages, did make a recommendation that the court not assess punitive damages in the case. This recommendation was prompted, at least in part, by U.T.R.'s vigorous submission of the issue to the arbitrators. In its written "Closing Argument" to the arbitrators, U.T.R. argued that the panel should recommend an award of $500,000 in punitive damages, based on Crescent's asserted bad faith breach of contract, and that

> where the arbitration clause contains language whereby the parties have agreed to arbitrate any potential claims or disputes arising out of their relationship by contract or otherwise, that arbitration agreement is entitled to be broadly construed and interpreted to incorporate all controversies within the arbitration proceeding unless the contractual language limits arbitration to specific areas or matters.

Although it qualified its request to the arbitrators as a request for a "recommendation," U.T.R. unquestionably asked the arbitrators to pass upon its claim for punitive damages. The arbitrators did so, making a recommendation unfavorable to U.T.R.'s position. U.T.R. did not thereafter seek to modify or correct the award as ruling upon a matter not submitted to the arbitrators, nor did it move to vacate the award under Section 44–7–12(A)(3) as exceeding the arbitrators' powers. Had the arbitrators' recommendation gone the other way, U.T.R. undoubtedly would have sought to make use of the recommendation

in the post-arbitration jury trial that it now contends was required. Having bitten once at the arbitration apple, U.T.R. cannot now take a second bite from the judicial one. *See Stewart v. State Farm Mut. Auto. Ins. Co.,* 104 N.M. 744, 747, 726 P.2d 1374, 1377 (1986) (trial court's decision, while acknowledging advisory nature of arbitrators' recommendation, clearly indicated consideration of and agreement with assessment of the arbitrators, who were the fact finders, on question and amount of punitive damages).

The district court had before it the recommendation of the arbitration panel that no punitive damages be awarded, as well as the panel's apparent finding that there was no basis for a claim of bad faith breach of contract. These facts were sufficient to support the court's ruling effectively dismissing U.T.R.'s claim for punitive damages. We hold that the court properly dismissed U.T.R.'s claim for punitive damages by confirming the arbitration award.

For the foregoing reasons, the district court's judgment confirming the award is affirmed.

IT IS SO ORDERED.

BACA and FROST, JJ., concur.