**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-019**

**Filing Date: November 14, 2012**

**Docket No. 30,773**

**JOURNEYMAN CONSTRUCTION, LP,**

      **Plaintiff-Appellant,**

**v.**

**PREMIER HOSPITALITY II,**
**d/b/a HAMPTON INN & SUITES,**

      **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Sandenaw Law Firm, PC
Cody R. Rogers
Las Cruces, NM

for Appellant

Kelley Law Offices
Cody K. Kelley
Charlotte L. Itoh
Albuquerque, NM

for Appellee

**OPINION**

**KENNEDY, Judge.**

**{1}**    Journeyman Construction, LP, a construction company, and Premier Hospitality II, a hotel owner, stipulated that their contract dispute would be resolved through arbitration. The arbitrator determined the award, which Premier paid in full. Almost a year later, the court notified the parties of its intention to check the status of the case, at which point, Premier attempted to dispute the award of attorney fees, claiming that some of the fees were

outside the arbitrator's authority to award. The court confirmed all of the award save attorney fees and remanded the question to the arbitrator asking for review and explanation of the fees. Journeyman appealed.

**{2}** An order confirming an arbitration award, in part, and denying confirmation, in part, is appealable by statute. Premier's dispute of the award, over a year after it received notice of the arbitrator's award and paid it, comes too late. We reverse the district court and remand for confirmation of the arbitration award and closing of the case.

## I. BACKGROUND

**{3}** Journeyman contracted with Premier to build a Hampton Inn & Suites in Las Cruces, New Mexico. The contract included an arbitration clause. Disputes arose, and the parties brought claims against each other in district court. Under a stipulated order, the court stayed matters and ordered the parties to arbitration. After arbitration, Journeyman was awarded a net recovery that included $130,822.70 in attorney fees. Premier was awarded $34,006.33 in attorney fees.

**{4}** The arbitrator notified the parties of the award on March 31, 2009. On April 9, 2009, Journeyman submitted a motion to the arbitrator to modify the award by awarding the foreclosure of a mechanic's lien it held on the property to the extent of the award. There is no indication that either Premier or the arbitrator addressed the motion. On July 13, 2009, Premier paid the award in full, and the lien was removed. Neither party moved to have the award confirmed in district court. In April and May 2010, the district court sent notices of a status conference on the case. Journeyman then filed a motion to confirm the award, and Premier filed a motion for review of the award regarding the arbitrator's decisions on several issues: oral modification of the contract, payments to subcontractors, cost of repairs, and attorney fees.

**{5}** The district court rejected all of Premier's objections and confirmed most of the award, save attorney fees. The district court stated that the "matter is . . . remanded to the arbitrator . . . for review of the award of attorney[] fees and costs." The order required that the arbitrator review the award of fees, issue a written explanation of its decision, and modify the award of fees if warranted. Journeyman appealed from the order of remand.

## II. DISCUSSION

### A. The Order to Review is Appealable

**{6}** Premier argues that the order of remand is not a final order because issues of law and fact still must be determined by a lower tribunal, in this case, the arbitrator. Premier also argues that the order is not final because the district court will need to confirm or deny the arbitrator's supplemental decision, explaining his basis for the attorney fees award. Journeyman argues that it is either an order denying confirmation of the award or modifying

2

the award, either of which is appealable under NMSA 1978, Section 44-7A-29 (2001). We agree with Journeyman.

**{7}** Under New Mexico's arbitration statute,

(a) [a]n appeal may be taken from:
    (1) an order denying a motion to compel arbitration;
    (2) an order granting a motion to stay arbitration;
    (3) an order confirming or denying confirmation of an award;
    (4) an order modifying or correcting an award;
    (5) an order vacating an award without directing a rehearing; or
    (6) a final judgment entered pursuant to the Uniform Arbitration Act.

Section 44-7A-29(a). Although Premier argues that the order cannot be appealed because it did not vacate the award, the argument fails, since Subsection (a)(3) permits appeal of an order "confirming or denying confirmation of an award." The arbitration award was "confirmed as an [o]rder of this [c]ourt, *with the exception of* the arbitrator's award of attorney[] fees and costs to the parties." (Emphasis added.) As a result, we hold that the order of remand is appealable, as both an order confirming the award and denying Journeyman's motion to confirm as to the fees issued.

**B.** **Premier's Protest Was Too Late**

**{8}** We address the timeliness of Premier's objections, which were first made nearly a year after the arbitration award was paid. Premier never contested the arbitrator's award within the statutory deadlines for doing so, and it paid the award in full, including all attorney fees.

**{9}** After an arbitration award, a party has the opportunity to address motions to both the arbitrator and the court. A party may move the arbitrator within twenty days of an award for a modification based on "an evident mathematical miscalculation or an evident mistake in the description of a person, thing[,] or property referred to in the award," because it was not a final award on the claim, or to clarify the award. NMSA 1978, § 44-7A-21 (2001). Premier did not file any motion with the arbitrator under Section 21, although Journeyman filed its motion to include its lien.

**{10}** Within ninety days of notice of the award, or a modified or corrected award under Section 44-7A-21, a party may submit a claim to the court for vacation of the award. NMSA 1978, § 44-7A-24(b) (2001). A vacation is granted on specific grounds, such as cases of fraud, corruption, partiality, or if the arbitrator exceeded the arbitrator's powers. Section 44-7A-24. Premier did not make any motion to vacate the arbitrator's award within ninety days required under Section 24. In addition, within ninety days of notice of the award, or a modified or corrected award pursuant to Section 44-7A-21, a party may move the court to

3

modify or correct an award on very narrow grounds, such as miscalculation. Section 44-7A-25. No motion by Premier was lodged with the court under this subsection.

**{11}** Our Supreme Court indicates that the issue of whether an arbitrator may award attorney fees for activities outside the arbitration must be raised within ninety days as grounds for seeking vacation of an award under Section 44-7A-24(a)(4). In *United Tech. & Res., Inc. v. Dar Al Islam*, 115 N.M. 1, 846 P.2d 307 (1993), attorney fees were disputed by a party to arbitration for the first time over a year after it was notified of the award. The court stated that any motion to vacate, modify, or correct must be "within ninety days after delivery of a copy of the award to the applicant[.]" *Id.* at 4, 846 P.2d at 310 (internal quotation marks and citation omitted). We agree that the short time period for moving courts to vacate, modify, or correct an award is consistent with the policy of encouraging arbitration "as a means of conserving the time and resources of the courts and the contracting parties." *K.L. House Constr. Co. v. City of Albuquerque*, 91 N.M. 492, 493, 576 P.2d 752, 753 (1978) (internal quotation marks and citation omitted). The award is given finality within a short time by means of the ninety-day limitation on raising objections to the award. *United Tech.*, 115 N.M. at 4, 846 P.2d at 310.

**{12}** Despite Premier's failure to file motions under any of the statutory deadlines, it argues that its later motion is not untimely because Journeyman never withdrew its motion to the arbitrator to clarify the status of its lien, and no modified award was issued. No withdrawal by Journeyman or modification by the arbitrator was practical, because Premier responded to Journeyman's motion by paying the award in full, and Journeyman in turn released the lien. Premier received the benefit of the release of Journeyman's lien in exchange for paying the award. The general rule is that a party waives its right to appeal when the party accepts the benefit of a judgment. *Courtney v. Nathanson*, 112 N.M. 524, 525, 817 P.2d 258, 259 (Ct. App. 1991). If we accepted Premier's argument that its payment meant there was no modified award, Premier's time would never run. We also note that nothing in any of the cited statutes prevents timely motions by both parties to modify, correct, or vacate arbitration awards, and any party wishing to contest an arbitrator's award has no more than ninety days under the statute to do so.

**{13}** Premier, having failed to timely avail itself of any of these remedies for almost a year, forfeited any right it might have had to contest the award in the district court. Premier's motion for modification and reconsideration of attorney fees was not timely, and the district court should have denied its motion. The parties have argued at length about whether the court's remand to the arbitrator was wrong, but because Premier's motion was late it has no right to relief, and we do not need to address the remand. We reverse the district court's denial of Journeyman's motion to confirm the award as to attorney fees.

## III.    CONCLUSION

**{14}** We conclude that the district court erred by accepting Premier's untimely challenges to the arbitration award. We reverse the district court and remand for entry of an order

4

confirming the arbitration award in this case and for such other proceedings as are necessary to conclude this action.

**{15}   IT IS SO ORDERED.**


                                   _____
                                   **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Journeyman Constr., LP v. Premier Hospitality II*, No. 30,773**

**APPEAL AND ERROR**
Judicial Review
Remand

**ATTORNEYS**
Fees, General

**CIVIL PROCEDURE**
Arbitration
Time Limitations

**REMEDIES**
Arbitration