This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GRACE CHRISTINE KRAMER,**

Petitioner-Appellant,

**v.**                                                                     **No. 35,200**

**ALLSTATE INSURANCE COMPANY,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan Malott, District Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Petitioner-Appellant

Stiff, Keith & Garcia, LLC
Ann L. Keith
Edward F. Snow
Albuquerque, NM

for Respondent-Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}   Petitioner, Grace Christine Kramer, appeals from the district court's order confirming the arbitration panel's award and denying her motions for attorney fees and prejudgment interest. This Court issued a calendar notice proposing to summarily reverse and remand to the district court for further proceedings. Respondent, Allstate Insurance Co., filed a memorandum in opposition to this Court's notice of proposed disposition, and Petitioner filed a memorandum in support of our proposed disposition and a motion for attorney fees and costs on appeal, each of which we have duly considered. Unpersuaded that our proposed disposition was incorrect, we reverse and remand. Petitioner's motion for attorney fees and costs on appeal is denied.

{2}   In April 2013, Petitioner made an uninsured motorist claim against Respondent for bodily injuries resulting from a hit and run collision. [CN 2] Following an arbitration hearing, the arbitration panel awarded Petitioner $83,000. [CN 2] The panel's award also included language that "[t]he parties shall submit to the arbitration panel any additional matters that remain unresolved." [CN 2] Apparently in response to the panel's invitation for submission of additional matters, Petitioner requested that the panel award attorney fees, pursuant to NMSA 1978, Section 44-7A-22(b) (2001) and NMSA 1978, Section 39-2-1 (1977), and prejudgment interest, pursuant to NMSA 1978, Section 56-8-4 (2004).  [CN 2] The panel denied both of these requests. [CN 2]

As we observed in our notice of proposed disposition, it appears that the denials were based on different grounds. [CN 5] Specifically, the denial of attorney fees was based on the arbitration panel's perception that it did not have the authority to even consider the issue, while the denial of prejudgment interest appears to have been grounded on the panel's determination that the issue was not submitted to it. [CN 5]

{3}     Petitioner subsequently filed a petition in the district court seeking to confirm the award of $83,000, plus the costs awarded in the decision, and also moved for attorney fees and prejudgment interest. [CN 3] The district court confirmed the arbitration award and costs, but denied Petitioner's request for attorney fees and prejudgment interest. [CN 3] We noted in our calendar notice that it appeared from the district court's limited review—for whether the statutory grounds for vacating the award were met, pursuant to NMSA 1978, Section 44-7A-24 (2001)—that the district court considered the issues of attorney fees and prejudgment interest to have been ruled on and denied by the arbitration panel. [CN 4]

{4}     The district court ultimately determined that the statutory grounds for vacating the award were not met. [CN 4] *See* § 44-7A-24 (stating that the court shall vacate an award made in the arbitration proceeding if, among other reasons, "the award was procured by corruption, fraud or other undue means[,]" or if there was evident partiality, corruption, or misconduct by an arbitrator). Nevertheless, because we

3

proposed to determine in our calendar notice that the panel's decision denying attorney fees and prejudgment interest was an award on matters not submitted to the panel [CN 6-7], we proposed to conclude that the district court erred in denying Petitioner's motions—on the basis that the grounds for vacating the award were not met—without also determining whether the grounds for modification or correction—specifically, NMSA 1978, Section 44-7A-25(a)(2) (2001)—were met [CN 7]. *See id.* (stating that the court shall modify or correct the award if the arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted).

{5}     In its memorandum in opposition, Respondent takes issue with our proposed conclusion that the panel's decision denying attorney fees and prejudgment interest was an award on matters not submitted to the panel. [MIO 10] Specifically, Respondent argues that the panel did not make an award on attorney fees and prejudgment interest, but rather that the panel "*declined* to include an award on claims not submitted to them." [MIO 10 (emphasis in original)] We are not convinced, however, that this characterization is correct in light of the clear statements of denial—not declination—contained within the panel's decision. [*See* CN 4-5] To the extent that Respondent may be arguing that the panel's denial itself does not constitute an award, we note that Respondent has not provided us with any authority to support

4

such a proposition. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Thus, we are not convinced that our proposed disposition is incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     With respect to Petitioner's motion for attorney fees and costs on appeal, the motion is denied at this time, insofar as the reasonableness of Respondent's failure to pay the claim has not been determined by the district court in the first instance, nor is that issue before this Court on appeal. *See* § 39-2-1 (stating that an insured person "may be awarded reasonable attorney's fees and costs of the action upon a finding by the court that the insurer acted unreasonably in failing to pay the claim); *see also Alber v. Nolle*, 1982-NMCA-085, ¶ 50, 98 N.M. 100, 645 P.2d 456 (stating that an award of attorney fees on appeal requires statutory authority).

{7}     Accordingly, for the reasons stated in this Opinion, as well as those provided in our calendar notice, we reverse and remand to the district court for a determination on the merits whether Petitioner is entitled to attorney fees or prejudgment interest. *Cf. United Tech. & Res., Inc. v. Dar Al Islam*, 1993-NMSC-005, ¶ 18, 115 N.M. 1,

846 P.2d 307 (recognizing that because the arbitrators' award contained a ruling on the issue of attorney fees, the district court could not properly grant the fees on its own accord, and that before the court could consider the question whether the party should recover its attorney fees in the arbitration, a timely motion to correct the arbitration award should have been made).

{8}    **IT IS SO ORDERED.**


_____

                             **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**J. MILES HANISEE, Judge**