2002-NMSC-029

54 P.3d 993

Rosalina AGUILERA, Petitioner–
Respondent,

v.

PALM HARBOR HOMES, INC., d/b/a
Masterpiece Housing, Newco Homes
L.P., d/b/a Palm Harbor Village, Newco
Homes, d/b/a C & S Magnahomes, Palm
Harbor Homes, L.P., Masterpiece Hous-
ing and Newco Homes, Respondents–Pe-
titioners.

No. 27,144.

Supreme Court of New Mexico.

Sept. 6, 2002.

Stiff & Ford, P.C., Thomas L. Murphy,
Albuquerque, NM, for Petitioners.

Robinson, Quintero & Lopez, P.C., H.R.
Quintero, Silver City, NM, for Respondent.

## OPINION

SERNA, Chief Justice.

{1} Rosalina Aguilera purchased a mobile
home from Palm Harbor Homes, Inc. In
response to a dispute over the sale of the
mobile home, Aguilera and Palm Harbor
stipulated to a court order requiring arbitra-

tion. The three-member arbitration panel ruled in favor of Aguilera and awarded compensatory damages, as well as $100,000 in punitive damages. Aguilera then filed an application with the district court to confirm the award or to modify the award by increasing the amount of compensatory and punitive damages. Palm Harbor filed an application to vacate the award of punitive damages as exceeding the arbitrators' authority under New Mexico law. The district court confirmed the award of compensatory damages, treated the award of punitive damages as advisory, and awarded punitive damages in the amount recommended by the arbitration panel. Palm Harbor appealed the award of punitive damages to the Court of Appeals, which affirmed on the ground that the arbitrators had authority to award punitive damages. *Aguilera v. Palm Harbor Homes, Inc.*, 2001–NMCA–091, ¶ 28, 131 N.M. 228, 34 P.3d 617, *cert. granted*, No. 27,144, 131 N.M. 363, 36 P.3d 953 (2001). On certiorari, Palm Harbor contends that the Court of Appeals improperly declined to follow precedent from this Court, that the punitive damages award was invalid because it exceeded the arbitrators' authority, and that the district court erred in treating the award as a recommendation.

## I. Discussion

{2} In *Shaw v. Kuhnel & Associates,* 102 N.M. 607, 609, 698 P.2d 880, 882 (1985), this Court determined that courts, rather than arbitrators, should award punitive damages. Relying on this Court's opinion in *Shaw,* Palm Harbor argued to the district court that the punitive damages award must be vacated because the arbitration panel lacked authority to award punitive damages. *See* NMSA 1978, § 44–7–12(A) (repealed 2001) ("Upon application of a party, the court shall vacate an award where ... the arbitrators exceeded their powers...."). In response to this argument, the district court determined that it reserved jurisdiction over punitive

damages and that the arbitrators' award meant that it was a recommendation. The district court ruled that the arbitrators' award of punitive damages was "considered advisory and adopted by the Court." Palm Harbor argues to this Court that the district court erred in treating the award as a recommendation. We disagree.

■ {3} In *Stewart v. State Farm Mutual Automobile Insurance Co.,* 104 N.M. 744, 747, 726 P.2d 1374, 1377 (1986), the arbitrators, instead of awarding punitive damages, "merely found the amount of damages that a 'proper court' should award, if the court were persuaded that punitive damages were warranted." The trial court in *Stewart* noted the advisory quality of the arbitrators' decision and agreed "with the assessment of the arbitrators—who were the factfinders—on the question and amount of punitive damages." *Id.* We determined that "[t]his is not an issue of the panel's exceeding its authority; it concerns only a realistic appraisal of the language used in the arbitrators' decision ... and an inescapable recognition that the trial court concurred in the amount suggested by the panel." *Id.* In accordance with *Shaw* and *Stewart,* an arbitration panel operating under the Uniform Arbitration Act effective in the present case, NMSA 1978, §§ 44–7–1 to –22 (repealed 2001),[1] can recommend an award of punitive damages but should not make the award itself.

■ {4} In this case, the district court recognized that, based on this authority, the arbitration panel inappropriately labeled its determination of punitive damages an award instead of a recommendation. However, the district court independently determined that punitive damages were warranted and agreed with the amount determined by the arbitration panel. In effect, then, the district court simply modified the award of punitive damages to become a recommendation due to an imperfection in form caused by the arbi-

---

1. Effective July 1, 2001, the version of the Uniform Arbitration Act applicable in the present case was replaced by a new Uniform Arbitration Act, NMSA 1978, §§ 44–7A–1 to –32 (2001). Under the new Act, "[a]n arbitrator may award punitive damages ... if such an award is authorized by law in a civil action involving the same

claim and the evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim." NMSA 1978, § 44–7A–22(a) (2001). Section 44–7A–22(a) supersedes *Shaw* for actions governed by the new Act, *see* NMSA 1978, §§ 44–7A–3 (2001), –32 (2001).

trators' failure to label its decision properly. *See* NMSA 1978, § 44–7–13(A)(3) (repealed 2001). Because the district court did not consider the arbitrators' award of punitive damages to be binding, the arbitrators' use of a mistaken form in rendering a decision on punitive damages did not "affect[ ] the merits of the controversy." *Id.* Palm Harbor contends that the district court was limited to either confirming or vacating the award; however, we note that Palm Harbor's motion to vacate the award referenced both Section 44–7–12 and Section 44–7–13. *See* § 44–7–13(C) ("An application to modify or correct an award may be joined in the alternative with an application to vacate the award."). We conclude that the district court's modification of the award was a proper application of *Shaw* and *Stewart.* We believe that the district court properly ensured that the arbitration panel did not exceed its authority and cautiously modified the award in a manner that was designed "to effect its intent," Section 44–7–13(B).

■ {5} Palm Harbor also argues that, even if the arbitrators' award could be characterized as a recommendation, the district court lacked a sufficient basis upon which to award punitive damages. However, in *United Technology & Resources, Inc. v. Dar Al Islam*, 115 N.M. 1, 6, 846 P.2d 307, 312 (1993), we recognized that the district court, in adopting a recommendation by the arbitrators,

> had before it the recommendation of the arbitration panel that no punitive damages be awarded, as well as the panel's apparent finding that there was no basis for a claim of bad faith breach of contract. These facts were sufficient to support the court's ruling effectively dismissing [the] claim for punitive damages.

*Id.* In the present case, the district court had before it the arbitrators' finding that Palm Harbor "breached [the] contract and warranty with Ms. Aguilera, thereby violating the Manufactured Housing Act[, NMSA 1978, §§ 60–14–1 to –20 (1975, as amended through 2000),] and entitling Ms. Aguilera to the remedies provided in the Unfair Trade Practices Act," NMSA 1978, §§ 57–12–1 to –22 (1967, as amended through 1999). The district

court also had the arbitrators' findings of the amount of compensatory damages suffered by Aguilera and the amount of punitive damages that would be warranted as a result of Palm Harbor's actions. Thus, as in *United Technology*, the district court had adequate information in the record to assess punitive damages against Palm Harbor. *See* NMSA 1978, § 60–14–19(C) (1983) (stating that a manufacturer's or dealer's failure "to comply with the warranty provisions of the Manufactured Housing Act . . . is an unfair or deceptive trade practice in addition to those practices defined in the Unfair Practices Act and is actionable pursuant to the Unfair Practices Act," including "all remedies available in the Unfair Practices Act"); NMSA 1978, § 57–12–10(B) (1987) ("Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages . . . to the party complaining of the practice.").

■ {6} As noted above, the Court of Appeals did not affirm on the basis of the district court's rationale. Relying on the proposition that, "when we determine that our Supreme Court would conclude that the precedent is no longer good law and would overrule it given the opportunity, we will decline to follow the precedent," *Aguilera*, 2001–NMCA–091, ¶ 11, 131 N.M. 228, 34 P.3d 617, the Court of Appeals held that arbitrators have authority to award punitive damages. *Id.* ¶ 23. In deference to and in recognition of the vital role the Court of Appeals serves in the New Mexico judiciary, we have held "that the Court of Appeals has authority to question uniform jury instructions in cases in which the instruction has not been challenged previously and to amend, modify, or abolish the instruction if it is erroneous." *State v. Wilson*, 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994). Moreover, "this Court encourages the Court of Appeals to express its rationale for any reservations it might harbor over Supreme Court precedent." *Id.* However, as Chief Justice Ransom expressed in *Wilson*, "[t]he Court of Appeals, nonetheless, remains bound by Supreme Court precedent." *Id.* Because we

have determined that the district court's treatment of the arbitrators' award as a recommendation was a proper application of *Stewart*, it is unnecessary to the resolution of this case to assess whether, as the Court of Appeals has suggested, *Shaw* should be overruled. As a result, we refrain from reaching this question, especially considering that *Shaw* has been superseded by statute for actions governed by the new Uniform Arbitration Act. We also conclude that the Court of Appeals need not have addressed the issue whether *Shaw* should be overruled. For these reasons, we reverse that portion of the Court of Appeals' opinion discussing the continued validity of *Shaw*. Finally, based on our disposition in this case, we conclude that it is unnecessary for us to consider Aguilera's argument, raised for the first time in this Court, that *Shaw* conflicts with and is preempted by federal law.

## II. Conclusion

{7} We affirm, as a proper application of this Court's opinion in *Stewart*, the district court's decision to treat the arbitrators' award of punitive damages as a recommendation. We also affirm the district court's award of punitive damages.

{8} **IT IS SO ORDERED.**

WE CONCUR: GENE E. FRANCHINI, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, Justices.