GARCIA, Judge (specially concurring). {95} I write to specially concur in this decision because of the need to amend UJI 13-1827. In addition, the factual circumstances in this case support a review and clarification of the Supreme Court’s decision in Clay. {96} In this case, the punitive damage instruction — instruction number twenty-six— failed to meet one of the specific elements in Clay that required the jury to find a culpable mental state on the part of the Hospital in order to award punitive damages. Clay, 118 N.M. at 269, 881 P.2d at 14 (recognizing that “[t]o be liable for punitive damages, a wrongdoer must have some culpable mental state, ... and the wrongdoer’s conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level” (citations omitted)). It is undisputed that only one of these elements was included when UJI 13-1827 was modified and given to the jury. This Court agrees with the Hospital’s argument that the proper language from Clay was excluded from punitive damage instruction number twenty-six. Despite the significance of this mistake, we have determined that the punitive damage instruction given in this case must stand due to the Hospital’s failure to properly preserve its argument in the district court. The Hospital failed to propose proper language for instruction twenty-six and failed to make any specific argument regarding the accuracy of the proposed Clay instruction offered by Plaintiff. As a result of our determination regarding the preservation issue, it is important to reemphasize the defect in punitive damage jury instruction number twenty-six and seek guidance for our district courts. UJI 13-1827 has not been amended to address the cumulative conduct theory recognized in Clay for over seventeen years. It appears that an appropriate amendment to UJI 13-1827 is needed to avoid a reoccurrence of the jury instruction problem that arose in this case. {97} In addition, this case highlights a potential flaw in the application of the cumulative conduct theory where all but one of the alleged employee-tortfeasors was exonerated from liability for Plaintiffs injuries. In this case, the jury specifically found that the nurses’ actions were not a cause of Mr. Grassie’s injuries or death. As a result of this finding, Dr. Collins was determined to be the only alleged employee-tortfeasor who caused Mr. Grassie’s injuries and death. Therefore, Plaintiffs recovery of compensatory damages was limited to the actions of Dr. Collins. See Lewis v. Samson, 2001-NMSC-035, ¶¶ 34-35, 131 N.M. 317, 35 P.3d 972 (explaining that in order to recover, a plaintiff still must establish that the second tortfeasor’s negligence proximately caused some harm, even where damages are not apportionable). The significance of this jury finding in favor of the nurses is critical in this ease because Plaintiff chose to abandon its claim of punitive damages arising under the theories of direct liability or vicarious liability. These additional theories of liability were excluded from instruction number twenty-six that was given to the jury. As a result, the actions of just one employee were the only legal basis for the recovery of actual compensatory damages, but the factual basis for a recovery of punitive damages was expanded to include the actions of additional employees, including the nurses, under the cumulative conduct theory. {98} Punitive damages have never been upheld in New Mexico under a cumulative conduct theory where liability was limited to the actions of a single employee-tortfeasor. See Clay, 118 N.M. at 271-72, 881 P.2d at 16-17 (recognizing that the cumulative acts and failure of communication between two negligent employees, Candelaria and Schell, along with the cavalier attitude of their employer were a sufficient basis to establish the culpable mental state of the employer and impose punitive damages); see also Chavarria, 2006-NMSC-046, ¶¶ 21-34, 140 N.M. 478, 143 P.3d 717 (recognizing the applicability of the cumulative acts theory for the recovery of punitive damages resulting from the fraudulent actions of two employees, Pike and Lancaster, but ultimately addressing only the theories of managerial capacity and corporate ratification). In Clay, the Supreme Court also ratified the plaintiffs’ position that allowed the jury to consider the employer’s failure to file “Form 6” as evidence of a cavalier attitude toward safety. Clay, 118 N.M. at 272 n. 4, 881 P.2d at 17 n. 4. As a result, this additional evidence was used to help establish the employer’s culpable mental state. Id. {99} Based upon footnote 4 in Clay, we now recognize that the jury can properly consider the exonerated acts of the nurses as part of the Plaintiffs cumulative conduct theory for two purposes: (1) to expand the overall employee-tortfeasor actions to be considered in the punitive damages analysis to include more than just the acts of Dr. Collins; and (2) to allow the consideration of actions by exonerated employee-tortfeasors as further evidence of punitive damages and a culpable mental state of their employer. Although this determination could be considered an expanded application of Clay, it is also consistent with the broad language used by the Supreme Court when it adopted the cumulative conduct approach set forth in Horton v. Union Light, Heat & Power Co., 690 S.W.2d 382 (Ky.1985). Clay, 118 N.M. at 270-71, 881 P.2d at 15-16 (concluding that “[t]he culpable mental state of the corporation ... may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences”). If the exonerated actions of the Hospital’s nurses should be ignored for the purposes of determining punitive damages under the cumulative conduct theory, the Supreme Court needs to clarify the broad language utilized in Clay. See Aguilera v. Palm Harbor Homes, Inc., 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (explaining that the Court of Appeals is bound by Supreme Court precedent). {100} Therefore, I specially concur herein and suggest that the Supreme Court address UJI 13-1827 and add the necessary language to directly deal with the cumulative conduct theory established in Clay. In addition, I suggest that the Supreme Court clarify the application of its Clay decision under the factual circumstance where the jury limits the causation for a plaintiffs injuries and compensatory liability to the actions of a single employee-tortfeasor.