This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellant,

v.  **NO. 34,924**

**LUIS ROSAS-CAMPUZANO and
ISABEL LAZCANO MELERO,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Cristina Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Mary McCleary
Albuquerque, NM

for Appellee Luis Rosas-Campuzano

Lupe H. Preciado
Albuquerque, NM

for Appellee Isabel Lazcano Melero

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

**{1}** The State appeals from the district court's order dismissing the charges against Defendants Luis Rosas-Campuzano and Isabel Lazcano Melero without prejudice. The dismissal was granted pursuant to Second Judicial District Court Local Rule 2-400 NMRA (2014), which permits, and in some instances requires, sanctions based on the State's failure to comply with the discovery requirements and timelines contained in the rule. *See* Rule LR 2-400(D)(4) (2014); Rule LR 2-400(I) (2014). This Court's second calendar notice proposed to affirm the district court's order of dismissal without prejudice. The State filed a memorandum in opposition to the proposed disposition. Not persuaded by the State's arguments, we affirm.

**{2}** Initially, we note that the State clarifies that the federal agents who prepared the Report of Incidents ("ROIs") were not employed by the Drug Enforcement Agency (DEA), as asserted in the docketing statement, but were actually two Department of Homeland Security Investigators (HSIs). [MIO 5] The State acknowledges that it is immaterial whether they were DEA agents or HSIs but asserts that in either case, they were employed by a federal government law enforcement agency and the ROIs were in their exclusive possession and control. [Id.] The State argues that as of the June 19, 2015, hearing on Defendant's motion to dismiss, Detective Bradley Cooksey testified

that while he was not entirely certain ROIs were created, he believes that they were, but had not seen them or possessed them. [DS 4-5] The State notes that since the case was appealed, it has received one ROI. [MIO 7]

{3} This Court's second calendar notice proposed to conclude that under the plain language of the rule, the ROIs are deemed to be in the possession of the State because they qualify as "[e]vidence in the possession of a law enforcement or other government agency" and a federal law enforcement agency falls within the definition of "other government agency." Rule LR 2-400(D)(3) (2014). [CN 5] The State argues that this Court's proposed disposition is contrary to the drafters' intent when viewed in pari materia with Rule 5-501(A) NMRA, governing disclosures by the State. [MIO 8-9] The State further contends that this Court's proposed disposition conflicts with existing case law relating to the State's discovery obligations, specifically *State v. Jackson*, 2004-NMCA-057, 135 N.M. 689, 92 P.3d 1263. [MIO 8, 13]

{4} To the extent *Jackson*, or other case law, conflicts with the local rule, by its express language, the local rule prevails. Rule LR 2-400(A) (2014) expressly states: "The Rules of Criminal Procedure for the District Courts and existing case law on criminal procedure continue to apply to cases filed in the Second Judicial District Court, *but only to the extent they do not conflict with this pilot rule*." (Emphasis added). In support of its argument that *Jackson* governs, the State relies on the above language in Rule LR 2-400(A) for the contention that this Court should not read

3

*Jackson* as conflicting with Rule LR 2-400(D)(3) absent clear language in the rule that our Supreme Court intended such a sweeping change to the State's discovery obligations. [MIO 13] However, there is clear language in the local rule expressly expanding the requirements of Rule 5-501 and disclosures by the State. Rule LR 2-400(D)(1) (2014) provides: "*In addition* to the disclosures required in Rule 5-501(A) NMRA, at the same time the state shall provide phone numbers and email addresses of witnesses if available, copies of documentary evidence, and audio, video, and audio-video recordings *made by law enforcement officers or otherwise in possession of the state*, and a 'speed letter' authorizing the defendant to examine physical evidence in the possession of the state." (Emphasis added). By enumerating additional, specific items the State is required to disclose in addition to those already provided for in Rule 5-501, the drafters expressly expanded the requirements for disclosures by the State. Therefore, the local rule prevails over any case law, such as *Jackson*, insofar as it conflicts with the local rule.

{5}     The State further argues that this Court's formalistic and mechanical application of the plain meaning of Rule LR 2-400(D)(3) (2014) leads to an absurd and unreasonable result if the State is required to produce documentary evidence in a federal agency's possession because it could result in dismissal based solely on whether the federal agency voluntarily cooperates with the State in producing documentary evidence in their control. [DS 14] The State asserts that it has no

4

mechanism of enforcing the cooperation of a federal agency, and therefore, would have no way to ensure compliance with its discovery obligations under the rule. [DS 14-15] While this may be the case, our "Supreme Court is vested with the exclusive power to regulate pleading, practice, and procedure in the courts" and we are bound by the governing Supreme Court rules. *State v. Valles*, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496; *see also Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (stating that the Court of Appeals is bound by Supreme Court precedent).

**{6}** In addition, we note, as we did in a footnote to our second calendar notice, that due to recent amendments pursuant to Supreme Court Order No. 16-8300-001, the 2016 version of the local rule provides a different definition for "evidence deemed in the possession of the state," *compare* Rule LR 2-400(D)(3) (2014), *with* Rule LR 2-400(D)(4) (2016), providing that "[e]vidence is deemed to be in possession of the state for purposes of this rule if such evidence is in the possession or control of any person or entity who has participated in the investigation or evaluation of the case." Rule LR 2-400(D)(4) (2016). Therefore, for any new cases filed after February 2, 2016, in cases such as this where a dismissal without prejudice is entered, a different, more narrow definition applies, under which evidence from a federal law enforcement agency may or may not be deemed to be in the possession of the State.

{7} The State also argues that dismissal was erroneous where the existence of the ROIs was speculative at the time of dismissal. [MIO 16] Apparently the parties both became aware of their potential existence at Detective Cooksey's pre-trial interview on May 5, 2015. [MIO 16] Therefore, the State asserts that at the time of dismissal, the ROIs were potentially additional information or evidence not yet received by the State. [MIO 17] The State contends that the rule's "continuing duty to disclose additional information to the defendant within five (5) days of receipt of such information," Rule LR 2-400(D)(3) (2014), contemplates that the State is not obligated to disclose the ROIs until five (5) days after the State has actually received them. [Id.] Therefore, the State submits, the district court should have, at minimum, afforded the State an opportunity to comply with Rule LR 2-400(D)(3) (2014), governing the disclosure of additional information. [Id.] We disagree. The language immediately following states: "Evidence in the possession of a law enforcement agency or other government agency is deemed to be in possession of the state for purposes of this rule." Because we hold that the ROIs qualify as evidence "made by law enforcement officers or otherwise in possession of the [S]tate" as contemplated by Rule LR 2-400(D)(1) (2014), were subject to disclosure, and were "in the possession of a law enforcement agency or other government agency[,]" they were "deemed to be in possession of the [S]tate for purposes of this rule." Rule LR 2-400(D)(3) (2014).

6

{8}    For these reasons, and those stated in this Court's second calendar notice, we affirm.

{9}    **IT IS SO ORDERED.**

_____
                                    **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**