This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HSBC BANK USA, NATIONAL ASSOCIATION**
**AS TRUSTEE FOR WELLS FARGO ASSET**
**SECURITIES CORPORATION, MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2007-7,**

          Plaintiff-Appellee,

**v.**                                        **No. A-1-CA-37044**

**JAMA FONTAINE,**

          Defendant-Appellant,

and

**WELLS FARGO BANK N.A.; THE OVERLOOK**
**AT HIGH DESERT; THE UNKNOWN SPOUSE**
**OF JAMA FONTAINE (if any); CASTLE STAWIARSKI,**
**LLC; JOHN COWGILL; DOUG SHULMAN;KENNETH**
**I. CHENAULT; JAMES DIMON; JOHN G. STUMPF;**
**DAVID W. NELMS; BRIAN T. MOYNIHAN; and**
**HIGH DESERT RESIDENTIAL OWNERS ASSOCIATION,**

          Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Snell & Wilmer L.L.P.
Jeanne Y. Sohn
Gregory J. Marshall

Albuquerque, NM

for Appellee

N. Ana Garner
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1} Jama Fontaine (Defendant) has appealed from the denial of a motion for post-judgment relief. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} To very briefly reiterate the pertinent procedural history, a decree of foreclosure was entered in December 2012. [RP 771-78] In May 2017 Defendant moved for relief from that judgment pursuant to Rule 1-060(B) NMRA. [RP 1389-94] The district court denied the motion. [RP 1464-65] Defendant has appealed from that ruling. [MIO 2] The scope of review on appeal is limited accordingly. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 (holding that a party may appeal the denial of a Rule 1-060(B) motion, but the scope of appellate review is limited to the correctness of the denial of the motion, and not to the correctness of the underlying judgment).

{3}     Both in her Rule 1-060(B) motion and in her memorandum in opposition Defendant has argued that Plaintiff failed to establish its standing. [DS 5-6; MIO 2-9] However, as we observed in the notice of proposed summary disposition, [CN 3-4] the New Mexico Supreme Court has made clear that "a final judgment on . . . an action to enforce a promissory note [in a foreclosure case] is not voidable under Rule 1-060(B) due to a lack of prudential standing." *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046. This is conclusive.

{4}     In her memorandum in opposition we understand Defendant to contend that the quoted language should not apply to this case because she challenged Plaintiff's standing in the course of the foreclosure proceedings and because her Rule 1-060(B) motion should not be regarded as an impermissible "collateral attack" on the prior judgment. [MIO 3] We remain unpersuaded.

{5}     The fact that Defendant challenged Plaintiff's standing in the course of the foreclosure proceedings does not alter our analysis. Although this would have been relevant if Defendant had pursued a direct appeal from the final judgment in 2012, *see* Rule 12-321(A) (governing preservation of issues for review), she did not do so. Instead, she waited roughly four and one-half years before filing her Rule 1-060(B) motion. As we previously observed, [CN 4] the quoted language in *Johnston* is clear, and it is categorical: Rule 1-060(B) is not a viable avenue of attacking foreclosure judgments for lack of prudential standing. We are not at liberty to disregard our

3

Supreme Court's pronouncement. *See generally Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (stating that this Court is bound by Supreme Court precedent).

{6} Plaintiff's characterization of her Rule 1-060(B) motion as a "direct attack" [MIO 3] may be accurate, *see Phoenix Funding, LLC v. Aurora Loan Services, LLC*, 2017-NMSC-010, ¶ 34, 390 P.3d 174, but it is similarly unavailing. Our Supreme Court's decision in *Phoenix Funding* builds upon its prior decision in *Johnston* by further clarifying that foreclosure judgments are not subject to collateral attacks in subsequent actions where lack of standing is alleged. *See Phoenix Funding*, 2017-NMSC-010, ¶ 21 ("[W]hen a district court enters a foreclosure judgment against a defendant, that judgment cannot be collaterally attacked in a subsequent action as void for the reason that the plaintiff in the prior matter lacked standing"). This does not alter or diminish *Johnston*'s prohibition against the utilization of Rule 1-060(B) motions to attack foreclosure decrees. As such, we perceive no principled basis for a different result in this case.

{7} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that Defendant's Rule 1-060(B) motion was properly denied. We therefore affirm.

{8} **IT IS SO ORDERED.**

_____

                              **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**JENNIFER L. ATTREP, Judge**