This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF NEW YORK MELLON,**
**As Trustee for Mastr. Adjustable**
**Rate Mortgages Trust 2004-7,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36937**

**BRENDA C. PRICE,**

Defendant-Appellant,

and

**CHASE MANHATTAN BANK, USA,**
**N.A.; HAWK MECHANICAL, LLC;**
**and PEOPLES BANK,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Murr Siler & Accomazzo, P.C.
Jamie G. Siler
Denver, CO

for Appellee

Stephen Ira Natelson
Taos, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Brenda Price seeks to appeal following the entry of an order quantifying an award of attorney fees and costs. We previously issued a notice of proposed summary disposition in which we proposed to dismiss on grounds that the appeal was not timely filed.  Defendant has filed a memorandum in opposition, which we have duly considered.  Because we remain unpersuaded, we dismiss the appeal.

{2}     As described at greater length in the notice of proposed summary disposition, [CN 2-5] the district court's order of February 14, 2017, awarding summary judgment to Plaintiff and incorporating a decree of foreclosure, constituted a final judgment. *See Kelly Inn No. 102 v. Kapnison*, 1992-NMSC-005, ¶ 17, 113 N.M. 231, 824 P.2d 1033 ("[T]he initial judgment declaring the rights of the parties in the mortgaged premises and the decree that the mortgaged property be sold . . .  is final and appealable for thirty days after its entry."). However, Defendant did not file her of notice of appeal until December 2017, roughly nine months beyond the applicable deadline. Dismissal is warranted under the circumstances. *See Santa Fe Pac. Trust, Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 31, 285 P.3d 595 ("An untimely

2

appeal will not be excused when the appellant is responsible for not filing a notice of appeal on time and there are no unusual circumstances warranting excusal.").

{3}     In her memorandum in opposition, Defendant focuses on a motion that she filed in May 2017, in which she requested that the district court overturn its prior award of summary judgment to Plaintiff. [MIO 4-5] Defendant characterizes this as a motion for reconsideration filed pursuant to NMSA 1978, Section 39-1-1 (1917), which she contends should have effectively extended the deadline for filing notice of appeal. [MIO 4-5] However, as we previously observed, [CN 6-7] if Defendant's motion is characterized as a Section 39-1-1 motion, it was untimely, and therefore ineffective either as a vehicle for seeking reconsideration on the merits or as a mechanism for extending the time within which to file notice of appeal. *See* § 39-1-1 (providing that district courts have jurisdiction for *thirty days* after entry of judgment, and for such further time as may be necessary to pass on a motion directed to the judgment *filed within that period*); Rule 12-201(D)(1) NMRA ("If any party *timely* files a motion that has the potential to affect the finality of the underlying judgment . . ., the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the filing of an order expressly disposing [thereof]." (emphasis added)). Although Defendant contends that our concern about the timeliness of the motion was not "preserved" at the district court

level, [MIO 4] it is nevertheless a proper consideration, given its jurisdictional implications. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 (stating that an appellate court may raise a question of jurisdiction on its own motion, and lack of jurisdiction at any stage must be resolved before proceeding further); *and see, e.g., Ortiz v. Shaw*, 2008-NMCA-136, ¶ 10, 145 N.M. 58, 193 P.3d 605 (illustrating). We therefore decline to give the motion broader effect than it is due.

**{4}** In her memorandum in opposition, Defendant further suggests that the relevant authorities, including *Kelly Inn*, should not control the outcome in this case, in light of the "complexity" of identifying final judgments, and because these authorities were handed down long before the mortgage crisis, such that they fail to take various "public interest factors" into account, including the difficulties that many pro se litigants face. [MIO 2-3] We disagree. This is not a marginal case. And the law in this specific area is clear. We decline to disregard it. *See generally Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (recognizing that the Court of Appeals is bound by Supreme Court precedent); *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 ("[A] pro se litigant is not entitled to special privileges because of his pro se status. . . . [A d]efendant, who has chosen to represent himself, must comply with the rules and orders of the court, and will not

4

be entitled to greater rights than those litigants who employ counsel." (citations omitted)).

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is summarily dismissed.

{6}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**EMIL J. KIEHNE, Judge**