STATE V. CHEUNG

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**TIN CHEUNG,**
**Defendant-Appellant.**

Docket No. A-1-CA-35827
COURT OF APPEALS OF NEW MEXICO
March 7, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Judith K. Nakamura, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Maha Khoury, Assistant Attorney General, Santa Fe, NM, for Appellee

Coberly & Martinez, LLLP, Todd A. Coberly, Santa Fe, NM, for Appellant

**JUDGES**

JACQUELINE R. MEDINA, Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** JACQUELINE R. MEDINA

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Tin Cheung challenges the sufficiency of the evidence supporting his convictions for forgery, conspiracy to commit forgery, racketeering, conspiracy to commit racketeering, and making false affidavit perjury. The State concedes that Defendant's convictions for forgery, conspiracy to commit forgery, racketeering, and conspiracy to commit racketeering cannot be sustained. We agree and reverse and vacate those convictions. We disagree with the State, however, that sufficient evidence

supports Defendant's sixteen convictions for false affidavit perjury. We therefore reverse and vacate those convictions as well.

## BACKGROUND

**{2}** Defendant, along with his co-defendant Gordon Leong (who was tried separately, *see State v. Leong*, 2017-NMCA-070, 404 P.3d 9, *cert. denied*, 2017-NMCERT-___ (No. S-1-SC-36576, Aug. 18, 2017), was charged with multiple felony counts for selling New Mexico driver's licenses or identification cards to foreign nationals in 2009 and 2010. The State charged Defendant as follows: forgery (make or alter), contrary to NMSA 1978, Section 30-16-10(A)(1) (2006); conspiracy to commit forgery (make or alter), contrary to NMSA 1978, Section 30-28-2 (1979) and Section 30-16-10(A)(1); forgery (issue or transfer), contrary to Section 30-16-10(A)(2); conspiracy to commit forgery (issue or transfer), contrary to Section 30-28-2 and Section 30-16-10(A)(2); making false affidavit perjury, contrary to NMSA 1978, Section 66-5-38 (1978, amended 2018); conspiracy to commit false affidavit perjury, contrary to Section 30-28-2 and Section 66-5-38; altering, forging, or making a fictitious driver's license, contrary to NMSA 1978, Section 66-5-18(B) (2004); conspiracy to alter, forge, or make a fictitious driver's license, contrary to Section 30-28-2 and Section 66-5-18(B); racketeering, contrary to NMSA 1978, Section 30-42-4 (2002, amended 2015); and conspiracy to commit racketeering, contrary to Section 30-28-2 and Section 30-42-4.

**{3}** After a jury trial, the jury convicted Defendant of seventy-seven counts consisting of: seventeen counts of forgery (make or alter), nineteen counts of forgery (issue or transfer), two counts of conspiracy to commit forgery (make or alter), nineteen counts of conspiracy to commit forgery (issue or transfer), sixteen counts of false affidavit perjury, two counts of conspiracy to commit false affidavit perjury, one count of racketeering, and one count of conspiracy to commit racketeering. The district court subsequently entered a stipulated order vacating seventeen convictions of forgery (make or alter), two convictions of conspiracy to commit forgery (make or alter), and two convictions of conspiracy to commit false affidavit perjury. Defendant was ultimately sentenced on fifty-six counts. This appeal followed.

**{4}** We discuss the pertinent facts as needed in the context of our legal analysis below.

## STANDARD OF REVIEW

**{5}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We

"disregard all evidence and inferences" that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

## DISCUSSION

**{6}** Defendant challenges all his convictions on sufficiency grounds. In its answer brief, the State concedes that in light of our opinion in *Leong*, Defendant's forgery, racketeering, and conspiracy convictions must be reversed. As we explain below, we agree.

## A. Forgery and Racketeering

**{7}** "Forgery consists of: (1) falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud; or (2) knowingly issuing or transferring a forged writing with intent to injure or defraud." Section 30-16-10. "Forgery has been defined as a crime aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." *Leong*, 2017-NMCA-070, ¶ 11 (internal quotation marks and citation omitted). "Though a forgery, like false pretenses, requires a lie, it must be a lie about the document itself: the lie must relate to the genuineness of the document." *Id.* (internal quotation marks and citation omitted). "[W]hen a genuine document or writing contains false information, there is no basis for a charge of forgery." *Id.* ¶ 14. "[A] writing signed with a defendant's genuine signature is not a false endorsement and cannot support a conviction for forgery." *Id.* ¶ 17.

**{8}** In *Leong*, the defendant, (Defendant's co-defendant) signed an MVD form titled "Affidavit of New Mexico Residency . . . by a Relative, Friend, Employer, or Other," and asserted that the applicant for the driver's license resided with him and was a New Mexico resident. 2017-NMCA-070, ¶¶ 2-3. This Court reversed the defendant's forgery and related conspiracy convictions on the basis that "[the d]efendant did not make or manufacture a false document." *Id.* ¶ 16. Rather, "he used a genuine MVD affidavit form and signed it with his actual name." *Id.*

**{9}** Here, as in *Leong*, eleven of Defendant's nineteen forgery (issue or transfer) convictions stemmed from his genuine signature on MVD affidavits of residency in which he attested to the residencies of applicants for driver's licenses. Because, as we have held, false statements in an affidavit that the person signs under oath cannot be a basis for a forgery conviction, *id.* ¶ 12, Defendant's convictions must be reversed. To the extent that the remaining seven forgery convictions were based on Defendant having notarized Leong's signature on five certificates of translation for five driver's license applications and having provided an unsworn letter on official Asian Qigong Association of Albuquerque letterhead for one other driver's license application, and for one identification card application, those must also be reversed because none relied upon an MVD document bearing Defendant's signature. We reverse and vacate Defendant's nineteen convictions for forgery.

**{10}** Given our holding that Defendant's convictions for forgery cannot stand, Defendant's convictions for conspiracy to commit forgery must necessarily be reversed. *See id.* ¶ 19 (noting that to sustain a conspiracy conviction, the defendant had to have committed the underlying crime). Finally, as with conspiracy to commit forgery, racketeering requires proof of predicate offenses—in this case, forgery—as part of a pattern of racketeering. *State v. Loza*, 2018-NMSC-034, ¶ 16, 426 P.3d 34. Here, without the predicate forgery convictions discussed above, Defendant's racketeering convictions must also be reversed and vacated.

## B. Perjury

**{11}** The State opposes Defendant's argument that there is not sufficient evidence to support Defendant's convictions for false affidavit perjury. In particular, the State contends that circumstantial and documentary evidence can be sufficient for a perjury conviction. We disagree with the State and decline its invitation to modify New Mexico's two-witness rule. We explain.

**{12}** Defendant was convicted of sixteen counts of making false affidavit perjury under Section 66-5-38. That section provides that "any person who makes any false affidavit, or knowingly swears or affirms falsely to any matter or thing required by the terms of the Motor Vehicle Code [NMSA 1978, § 66-1-1 (1978)] to be sworn to or affirmed, is guilty of perjury and upon conviction shall be punishable by fine or imprisonment as other persons committing perjury are punishable." Section 66-5-38 (1978).

**{13}** Eleven of Defendant's convictions were based on Defendant having signed affidavits of residency, attesting that the applicants resided with him. The evidence supporting the other five convictions were based on Defendant having notarized Leong's signature on three certificates of translation for three driver's license applications and having provided an unsworn letter of support on official Asian Qigong Association of Albuquerque letterhead for two other driver's license applications. Defendant challenges the sufficiency of the evidence for all sixteen perjury convictions.

### 1. Eleven Affidavits of Residency

**{14}** In order to sustain a perjury conviction in New Mexico, our appellate courts have long required "the testimony of two witnesses [or] . . . the testimony of one witness supported by corroborating evidence or circumstances." *State v. Borunda*, 1972-NMCA-018, ¶ 7, 83 N.M. 563, 494 P.2d 976; *see State v. Naranjo*, 1979-NMCA-150, ¶ 36, 94 N.M. 413, 611 P.2d 1107, *aff'd in part and rev'd in part by* 1980-NMSC-061, 94 N.M. 407, 611 P.2d 1101. Thus, "[the] evidence of one witness alone, not corroborated by any other evidence, is insufficient to warrant a conviction on a charge of perjury." *Naranjo*, 1979-NMCA-150, ¶ 36. "Requirements of proof in a perjury case are the strictest known to the law, outside of treason charges." *Id.* ¶ 43. "To meet this challenge, the [s]tate must begin with the fact that an accused is clothed with a presumption that one will tell the truth when under oath and until th[at] presumption is dispelled, one did tell the truth under oath." *Id.* "[T]o sustain a conviction for perjury, the evidence must be

strong, clear, convincing and direct, and based upon proof beyond a reasonable doubt." *Id.* ¶ 44 (citation omitted). "A heavy burden is placed upon the [s]tate to prove a person guilty of perjury." *Id.* ¶ 46.

**{15}** The State urges this Court to abandon the two-witness rule in favor of reliance on circumstantial evidence alone. Given that we are bound by our Supreme Court precedent, we decline to do so. *See Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993. Because the State offered no evidence proving the falsity of the eleven affidavits of residency, Defendant's convictions cannot stand.

## 2. Five Accomplice Liability Convictions

**{16}** Defendant argues that his remaining five perjury convictions lack sufficient evidence because there was no evidence that he swore to, or affirmed falsely to anything required by MVD to be sworn to or affirmed.

**{17}** Each of Defendant's five convictions under an accomplice theory was related to one of five distinct applications submitted with documents signed by Leong. There was no testimonial evidence presented at trial that any of the documents submitted to support these five applications contained false statements. Under New Mexico's two-witness rule, the State had the burden and failed to prove the crime itself occurred through either two witness testimonies proving the falsity of Leong's statements contained in these applications or one witness testimony proving the falsity supported by sufficient corroborating evidence. Based on the foregoing, we conclude that the evidence presented by the State was insufficient to reach a conclusion that the crime of making false affidavit perjury was committed by Defendant's co-conspirator.

## CONCLUSION

**{18}** For the foregoing reasons, we reverse and vacate Defendant's convictions.

**{19} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**