This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39050**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**RAUL SANCHEZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Raul Sanchez appeals from the district court's judgment and sentence convicting him of battery on a peace officer following a jury trial. This Court issued a notice of proposed disposition proposing to affirm. Defendant filed a motion to amend his docketing statement and memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to argue in his memorandum in opposition that there was insufficient evidence to support his conviction because he did not intentionally strike Deputy DeSantiago (the Deputy). [MIO 20] The Deputy testified that Defendant punched

him with a closed fist. [MIO 20] We refuse to reweigh the evidence on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{3}** Defendant also filed a motion to amend the docketing statement to include two new issues, which we address together. [Odyssey 4/09/21-Motion to Amend/MIO] In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. The essential requirements to show good cause are that (1) the motion to amend must be timely, and (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42. For the reasons discussed below, we conclude that Defendant's motion to amend is not viable.

**{4}** Defendant argues that it was fundamental error to omit the element of lawful discharge of duties from the jury instruction because the Deputy was not acting lawfully when he seized Defendant, and, for this same reason, there was not sufficient evidence to support Defendant's conviction. [Motion to Amend i; MIO 4, 12] Because Defendant did not preserve his argument regarding the jury instruction, we review only for fundamental error. *See* Rule 12-321 NMRA. When this Court reviews jury instructions for fundamental error, we will only reverse the jury verdict if doing so is "necessary to prevent a miscarriage of justice." *State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (internal quotation marks and citation omitted).

**{5}** Under NMSA 1978, Section 30-22-24(A) (1971), battery on a peace officer is "the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." Consistent with UJI 14-2211 NMRA, the jury was instructed, in pertinent part, that the Deputy was "a peace officer and was performing the duties of a peace officer." [RP 116] Use note 4 to UJI 14-2211 states that "[i]f there is an issue as to whether the officer was within the lawful discharge of the officer's duties, an instruction may need to be drafted." As we explain below, that is not the case here.

**{6}** Defendant contends that the Deputy was not lawfully discharging his duties because he was not acting lawfully when he grabbed Defendant immediately before being struck by Defendant. [MIO 12] Defendant argues that, according to *State v. Phillips*, 2009-NMCA-021, ¶ 17, 145 N.M. 615, 203 P.3d 146, "whether an officer is acting lawfully is measured by his actual legal authority, including common-law, statutory, or constitutional limitations on the officer's authority." [MIO 7] However, this Court's discussion in *Phillips* of whether a defendant can be convicted of battery on a peace officer when he or she has been unlawfully arrested is dictum and has no binding force of law because it was not necessary to this Court's decision. *See Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 22 n.8, 116 N.M. 52, 860 P.2d 182 (stating that language

unnecessary to the decision of the issues before the court is dicta "no matter how deliberately or emphatically phrased"). Furthermore, our Supreme Court held in *State v. Doe*, 1978-NMSC-072, ¶ 14, 92 N.M. 100, 583 P.2d 464, that "[e]ven if an arrest is effected without probable cause, a police officer is engaged in the performance of his official duties if he is simply acting within the scope of what the agent is employed to do[,]" and "[t]he test is whether the agent is acting within that compass or is engaging in a personal frolic of his own." (alteration, internal quotation marks, and citation omitted). *See Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (stating that the Court of Appeals remains bound by our Supreme Court precedent). This Court's decision in *State v. Tapia*, 2000-NMCA-054, ¶ 17, 129 N.M. 209, 4 P.3d 37, also explains that "[a]s our Supreme Court observed in *Doe*, societal interests demand that a police officer carrying out his or her duties in good faith be free from threat or physical harm[,]" and "sound public policy favors protecting police officers from assault or battery, regardless of whether the officer's actions were technically legal or illegal."

{7}     As Defendant admits in his memorandum in opposition [MIO 12], the Deputy was acting within his authority when he grabbed Defendant to take him into protective custody in order to transport him to a treatment facility under NMSA 1978, Section 43-2-8 (2005)(A)(3) ("An intoxicated or incapacitated person may be committed to a treatment facility at the request of an authorized person for protective custody, if the authorized person has probable cause to believe that the person to be committed . . . has threatened, attempted or inflicted physical harm on himself or another."). *Cf. Phillips*, 2009-NMCA-021, ¶ 23 (holding that an officer's observations of the defendant stumbling and unable to keep his balance was sufficient for the officer's probable cause to believe the defendant was "unable to care for his own safety[,]" and therefore, the officer had authority under Section 43-2-8 to take the defendant into protective custody by placing him in the back of his patrol car).

{8}     To the extent Defendant argues that the Deputy was not lawfully discharging his duties because the Deputy grabbed him without first informing him that he was being taken into protective custody [MIO 12-19], Defendant has not demonstrated how the Deputy attempting to place Defendant in protective custody is acting outside the scope of what the Deputy was employed to do. *See* § 43-2-8; *Doe*, 1978-NMSC-072, ¶ 14. Given that New Mexico law is instructive on this issue, and that Defendant has cited no precedential authority directly supporting his contention, we are not persuaded by the authority from other jurisdictions and articles cited in Defendant's memorandum in opposition. *See Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 13, 464 P.3d 129 (stating that where New Mexico law is instructive, and the plaintiffs have not demonstrated how the other states are bound by similar law, we will not find authority from other jurisdictions persuasive); *see also State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{9}** For the reasons stated above, and for the reasons stated in the notice of proposed disposition, which Defendant did not specifically refute, *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), we conclude that there was sufficient evidence to support Defendant's conviction and that it was not fundamental error to omit a lawful discharge instruction. Because the issues raised by Defendant's motion to amend the docketing statement are not viable, Defendant's motion is denied. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007.

**{10}** Accordingly, we affirm Defendant's conviction and the district court's judgment and sentence.

**{11} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**