The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>March 18, 2024</u>

**No. A-1-CA-40100**

**ATLAS ELECTRICAL CONSTRUCTION INC.,**

Plaintiff-Appellant,

v.

**FLINTCO, LLC,**

Defendant-Appellee,

and

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and BORDER STATES ELECTRIC SUPPLY OF NEW MEXICO,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Holland & Hart LLP
Larry J. Montano
Judd C. West
Santa Fe, NM

for Appellant

Lorber, Greenfeld & Polito, LLP
Louis W. Horowitz
Linn E. Gillen
Albuquerque, NM

for Appellee

# OPINION

**HENDERSON, Judge.**

{1}     Plaintiff Atlas Electrical Construction, Inc. appeals the district court's grant of Defendant Flintco, LLC's motion to compel arbitration[1] and stay proceedings in Plaintiff's claim for breach of contract. Plaintiff argues that the arbitration agreement provision of its subcontract with Defendant should not be enforced because the provision is facially one-sided and thus is substantively unconscionable. We conclude that the agreement is substantively unconscionable and thus reverse and remand.

## BACKGROUND

{2}     Plaintiff alleged that Defendant contracted with the City of Albuquerque for renovations of the Albuquerque International Sunport and entered into a subcontract with Plaintiff for performance of electrical work on the project. The subcontract contains a binding arbitration provision which states, in relevant part:

---

[1]Even though orders granting motions to compel arbitration are final orders from which a party may appeal, *see N.M. Dep't of Health v. Maestas*, 2023-NMCA-075, ¶¶ 15-16, 536 P.3d 506, not all claims against every defendant were compelled to arbitration in this case. However, under Rule 1-054(B) NMRA, when multiple parties are involved in an action, any order adjudicating the rights and liabilities of fewer than all the parties is not a final order unless the district court directs entry of a final judgment by expressly determining there is no just reason for delay. Here, the district court certified its order pursuant to Rule 1-054(B), stating that the referral of Plaintiff's claims against Defendant to arbitration "is final . . . as there is no just reason for delay." Thus, this appeal is properly before us.

> In the event [Defendant] and [Plaintiff] cannot resolve the Dispute through direct discussions or mediation . . . then the Dispute shall, at the sole discretion of [Defendant], be decided either by submission to (a) arbitration . . . or (b) litigation . . . .

Under the subcontract, "disputes" include all claims between Plaintiff and Defendant arising out of the subcontract, including breach of contract.

{3}     Plaintiff later filed a breach of contract action in district court arising from the subcontract.[2] In response, Defendant moved to compel arbitration. After briefing and a hearing, the district court granted Defendant's motion to compel arbitration without issuing findings of fact. However, the district court concluded in its oral ruling that the provision was neither procedurally nor substantively unconscionable. Plaintiff only appeals from the district court's ruling regarding substantive conscionability.

**DISCUSSION**

{4}     We review a district court's grant or denial of a motion to compel arbitration de novo. *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 11, 146 N.M. 256, 208 P.3d 901. "Questions regarding substantive unconscionability present questions of law that are also reviewed de novo." *Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 9, 470 P.3d 218.

---

[2]Plaintiff also named Travelers Casualty and Surety Company of America and Border States Electrical Supply of New Mexico as defendants in this action. Plaintiff's claims against these defendants are not at issue on appeal.

{5} On appeal, Plaintiff argues that the district court erred in granting Defendant's motion to compel arbitration because the arbitration provision is substantively unconscionable, and therefore is unenforceable. Defendant maintains that the arbitration provision is enforceable because it is commercially fair and reasonable. Alternatively, Defendant asserts that the provision should be enforced because New Mexico's jurisprudence on unconscionability as applied to arbitration agreements violates the Federal Arbitration Act (FAA), 9 U.S.C. § 2. We address each issue in turn.

## I.    Conscionability of the Arbitration Clause

{6} A court should grant a motion to compel arbitration "unless it finds that there is no enforceable agreement to arbitrate." NMSA 1978, § 44-7A-8(a)(2) (2001). "Arbitration agreements are a species of contract," and thus to determine if there is an enforceable agreement to arbitrate, courts look "to principles of New Mexico contract law." *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 18, 392 P.3d 194. "Parties to a contract agree to be bound by its provisions and must accept the burdens of the contract along with the benefits." *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 31, 123 N.M. 526, 943 P.2d 560. Thus, "courts may not rewrite obligations that the parties have freely bargained for themselves[ i]n the absence of fraud, *unconscionability*, or other grossly inequitable

conduct." *Winrock Inn Co. v. Prudential Ins. Co.*, 1996-NMCA-113, ¶ 36, 122 N.M. 562, 928 P.2d 947 (emphasis added).

{7} "Unconscionability is an affirmative defense to contract enforcement." *Peavy*, 2020-NMSC-010, ¶ 10. A contract may be procedurally unconscionable, substantively unconscionable, or both. *Id.* ¶ 11. "Substantive unconscionability concerns the legality and fairness of the contract terms themselves." *Cordova*, 2009-NMSC-021, ¶ 22. "The substantive analysis focuses on such issues as whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Id.* Procedural unconscionability, on the other hand, "goes beyond the mere facial analysis of the contract and examines the particular factual circumstances surrounding the formation of the contract, including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline terms demanded by the other." *Id.* ¶ 23.

{8} This is the first time since our Supreme Court reassessed unconscionability analysis in *Peavy* that we are being asked to address the unconscionability of a contract provision entered between two sophisticated commercial entities when it is undisputed that there was no procedural unconscionability in the contract formation. Much of our jurisprudence regarding unconscionability is in the context of consumer contracts, where procedural unconscionability is often present due to the unequal

4

bargaining power of the parties. *See, e.g.*, *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶¶ 13-27, 329 P.3d 658. This case requires us to consider how to weigh the absence of procedural unconscionability with assertions of substantive unconscionability in the commercial context, where procedural unconscionability is unlikely to be present due to the sophistication of the parties and the ability to freely negotiate the terms of a contract.

{9}     In this case, Plaintiff concedes that the arbitration clause is procedurally conscionable. Therefore, the question before us is whether the arbitration clause at issue is substantively unconscionable. To determine the substantive conscionability of a contract provision, we follow the two-step analysis set forth in *Peavy*.[3] "First, the court should analyze the arbitration agreement on its face . . . to determine the legality and fairness of the contract terms themselves." *Peavy*, 2020-NMSC-010, ¶ 20 (internal quotation marks and citations omitted). "[A] presumption of unfair and

---

[3] On appeal, Plaintiff calls our attention to *Peavy*, 2020-NMSC-010, contending that the decision is controlling in this matter. Defendant argues that because Plaintiff did not cite to *Peavy* in the district court, we should not consider it on appeal. We are unconvinced by this argument. "[A]s long as a party has asserted the legal principle upon which their claims are based and developed the facts in the district court, we will consider that party's argument to have been adequately preserved below even if citation to a significant authority was not made to the district court." *Howse v. Roswell Indep. Sch. Dist.*, 2008-NMCA-095, ¶ 19, 144 N.M. 502, 188 P.3d 1253 (alteration, internal quotation marks, and citations omitted). Because Plaintiff met these requirements in the proceedings below, we will consider the applicability of *Peavy* to Plaintiff's appeal. *See also In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 10, 134 N.M. 516, 80 P.3d 98 ("Providing the trial court with citation to authority is not a requirement for preservation.").

unreasonable one-sidedness arises when a drafting party excludes its likeliest claims from arbitration, while mandating the other party arbitrate its likeliest claims." *Id.* ¶ 19. "[I]f the court determines the arbitration agreement is facially one-sided, the court should allow the drafting party to present evidence that justifies the agreement is fair and reasonable, such that enforcement of the agreement would not be substantively unconscionable." *Id.* ¶ 21.

{10}     On appeal, Defendant concedes that the arbitration provision is facially one-sided. Thus, our only task is to determine whether Defendant presented sufficient evidence that the provision is fair and reasonable. *See id.* "The evidence need not show that the agreement is not one-sided, but rather must justify that the agreement's exceptions are fair and reasonable." *Id.*

{11}     At the district court, Defendant asserted that the following facts evidence the commercial fairness and reasonableness of the arbitration provision in the subcontract: (1) Defendant, as a general contractor, was bound by the prime contract, which required all contractual disputes to be arbitrated; and (2) Defendant is subject to personal injury claims arising from the project construction site, which are not subject to arbitration. On appeal, Defendant reiterates that these assertions support a finding of fairness and reasonableness and also presents the following arguments: (1) both Plaintiff and Defendant are sophisticated business entities; (2) the subcontract price is more than $10.7 million; (3) Plaintiff and Defendant had equal

bargaining power; (4) Plaintiff had the ability to negotiate the subcontract terms; (5) Plaintiff did in fact negotiate the subcontract terms; and (6) Plaintiff failed to make any changes to the arbitration provision of the subcontract. We disagree.

{12} First, the assertions Defendant raised in the district court do not support a determination that it would be fair and reasonable to enforce the one-sided arbitration provision in the subcontract. As a preliminary matter, we note that Defendant does not provide any evidence to support its assertions of greater liability and contractual obligations. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Regardless, Defendant's contractual obligations under the prime contract and its exposure to third-party tort liability are not relevant to the commercial reasonableness of an arbitration clause that grants Defendant the sole discretion to decide disputes arising from the subcontract with Plaintiff by arbitration or litigation. These assertions fail to justify why Defendant has the sole power to decide whether Plaintiff arbitrates or litigates its claims arising from the subcontract, while Defendant also retains the sole power to decide whether it arbitrates or litigates potential claims against Plaintiff. Moreover, Defendant fails to identify any "legitimate, neutral reasons" for it to exercise exclusive control over the manner in

which any dispute arising from the subcontract is resolved. *Cf. Dalton v. Santander Consumer USA, Inc.*, 2016-NMSC-035, ¶¶ 21-22, 385 P.3d 619 (holding that an arbitration agreement excepting any claim under $10,000 was fair and reasonable because there were "legitimate, neutral reasons for the parties to exclude small claims actions from arbitration, including streamlined pretrial and discovery rules, and the cost-effectiveness of small claims actions compared to arbitration." (internal quotation marks and citations omitted)). Defendant's assertions are not sufficient to meet its burden to demonstrate that the arbitration provision of the subcontract is fair and reasonable. Because Defendant has failed to present evidence justifying the one-sidedness of this particular arbitration provision, we conclude that the district court erred in determining that the provision is not substantively unconscionable.

{13}     Second, the substantive unconscionability of the arbitration provision of the subcontract is so compelling that Defendant's assertions on appeal regarding the relative bargaining power and sophistication of the parties to the subcontract do not tip the scales in favor of enforceability. The relative bargaining powers of the parties to a contract is relevant to determining whether a contract is procedurally unconscionable. *See Cordova*, 2009-NMSC-021, ¶ 23 (stating that procedural unconscionability analysis requires courts to examine factors "including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline terms demanded by the other"). "While there is a greater

likelihood of a contract's being invalidated for unconscionability if there is a combination of both procedural and substantive unconscionability, there is no absolute requirement in our law that both must be present to the same degree or that they both be present at all." *Id.* ¶ 24. "The more substantively oppressive a contract term, the less procedural unconscionability may be required for a court to conclude that the offending term is unenforceable." *Id.*

{14}     In this case, it is undisputed that both Plaintiff and Defendant are sophisticated commercial entities who freely negotiated the terms of the subcontract. Moreover, Plaintiff does not contest the district court's conclusion that the arbitration provision in the subcontract is procedurally conscionable. Thus, we assume that the district court's conclusions are correct. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.") While the absence of procedural unconscionability in the formation of a contract may support its enforceability, especially in a commercial contract, we conclude that, in this case, the arbitration provision is so substantively unconscionable that it would not be fair and reasonable to enforce it.

{15}     "Contract provisions that unreasonably benefit one party over another are substantively unconscionable." *Cordova*, 2009-NMSC-021, ¶ 25. Here, Defendant retains the exclusive right to choose whether disputes arising from the subcontract

9

are litigated or arbitrated. In contrast, Plaintiff retains no right under the subcontract to choose the forum for dispute resolution for any reason whatsoever. As a result, Defendant has carved out a choice of forum for its preferred claims, while also forcing Plaintiff to submit to Defendant's choice of forum for Plaintiff's preferred claims. *See id.* ¶¶ 25-30 (collecting cases where unreasonably one-sided arbitration clauses that restrict one party's remedies while expanding another party's rights are held to be unconscionable and therefore unenforceable). Thus, we conclude that the arbitration provision in the subcontract is so unreasonably one-sided and substantively unconscionable that, despite the lack of procedural unconscionability in the formation of the subcontract and the sophistication of the parties entering into the subcontract, it is unenforceable.

{16} Because Defendant failed to present evidence justifying the one-sidedness of the arbitration provision, we conclude that the provision is substantively unconscionable and is unenforceable despite the lack of procedural unconscionability in the formation of the subcontract. Moreover, because the arbitration agreement is unenforceable in its entirety, we conclude that it must be severed from the subcontract. *See id.* ¶ 40.

**II.    Federal Law Preemption**

{17} We now briefly turn to Defendant's argument that our state's jurisprudence on unconscionability as applied to arbitration agreements is preempted by the FAA.

10

We disagree. Under the FAA, an arbitration agreement is unenforceable where "grounds . . . exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, arbitration agreements may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (internal quotation marks and citation omitted). The FAA preempts state law that "prohibits outright the arbitration of a particular type of claim" and any "state[ ]law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue." *Strausberg*, *v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 51, 304 P.3d 409 (internal quotation marks and citation omitted).

{18}    However, New Mexico courts review arbitration agreements under generally applicable contract unconscionability analysis. *See Cordova*, 2009-NMSC-021, ¶ 37. Our Supreme Court's unconscionability doctrine was not developed to invalidate arbitration agreements, and the doctrine applies in the same manner to all contract clauses. *Id.* ¶ 38. Specifically, *Peavy*'s two-step analysis requires the reviewing court to look at the face of the contract to determine the "legality and fairness of the contract terms themselves," and allows a party present evidence to rebut the presumption that facially one-sided terms are unfair and unreasonable. 2020-NMSC-010, ¶¶ 20-21 (internal quotation marks and citation omitted). This analysis is used by courts to determine if any contract term is unfairly one-sided, not

11

just arbitration provisions. Indeed, the federal district court has already applied *Peavy* to a contract that gave a right to recover attorney fees to only one party in litigation. *See Lamar Advert. Sw., Inc. v. Grandview Realty, LLC*, Civ. No. 21-230 GJF/CG, 2022 WL 1746766 (D.N.M. May 31, 2022). We are unpersuaded that *Peavy*'s formulation of the substantive unconscionability analysis does not apply to other types of contract provisions.

{19}     To the extent that Defendant argues that the New Mexico law set forth in *Rivera* and *Cordova* is preempted by the FAA, we note that this Court adjudicates based on our Supreme Court precedent, even when a United States Supreme Court decision seems contra. *See Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 15, 306 P.3d 480 (stating we are bound by New Mexico Supreme Court precedent). As such, we apply our precedent, even when federal circuit courts interpret United States Supreme Court cases to be in potential conflict with our state jurisprudence. *See THI of N.M. at Hobbs Ctr., LLC v. Patton*, 741 F.3d 1162, 1170 (10th Cir. 2014).

**CONCLUSION**

{20}     Defendant presented insufficient evidence to show that the one-sidedness of the arbitration provision of the subcontract was commercially fair and reasonable. For this reason, and the reasons discussed above, we reverse the district court's order

compelling arbitration. Therefore, we reverse the district court's order compelling arbitration and remand for further proceedings consistent with this opinion.

{21}    **IT IS SO ORDERED.**

_____
                    **SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

_____
**KATHERINE A. WRAY, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**