This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41430**

**MARSHALL SCHROEDER,**

Plaintiff-Appellee,

v.

**SOUTHWEST HOME INSPECTIONS, INC.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey B. Fitch, District Court Judge**

Bradley Law Firm, LLC
Joshua Bradley
Smith Templeman Law Firm
Christopher J. Templeman
Albuquerque, NM

for Appellee

Jones, Skelton & Hochuli, P.L.C.
John A. Klecan
Phoenix, AZ

for Appellant

**MEMORANDUM OPINION**

**BLACK, Pro Tem Judge.**

**{1}** Defendant Southwest Home Inspections, Inc. (SWHI or Defendant) appeals from the district court's denial of its motion to compel arbitration. The district court found that the arbitration clause in the pre-purchase home inspection contract at issue in this case was substantively unconscionable based on a clause limiting Plaintiff Marshall

Schroeder's time for filing to one year, while not imposing a limit on SWHI. Finding the unconscionable clause central to the agreement to arbitrate, the court found it unnecessary to address the remaining claims of unconscionability, and found the arbitration agreement as a whole unconscionable. We affirm.

## BACKGROUND

**{2}** SWHI is a home inspection company located in Silver City, New Mexico. Plaintiff contracted with SWHI to perform an inspection on his then-prospective home. The parties entered into a Residential Inspection Agreement (the Agreement) that provided, in relevant part:

### RESOLUTION OF DISPUTES

Any controversy or claim arising out of or relating to this Agreement shall be resolved through **Small Claims Court** (or similar court of limited monetary jurisdiction) in the jurisdiction applicable to this Agreement. In the event that the amount in dispute exceeds the jurisdiction of the applicable **Small Claims Court,** the dispute shall be settled by **binding arbitration** administered by Construction Dispute Resolution Services, or if unavailable, Resolute Systems, before a single arbitrator using its Commercial Arbitration Rules. . . . Each party agrees to pay its own costs of arbitration.

Any legal action or proceeding shall be brought in the County in which the Property is located.

### ENFORCEMENT FEES AND COSTS

Any party failing to follow the RESOLUTION OF DISPUTES process identified above, shall be liable **for all fees and costs** associated with compelling or enforcing compliance with the RESOLUTION OF DISPUTES process.

### TIME TO INITIATE ACTION

Any action regarding or arising from the condition of the Property and the Inspection and/or the written report must be filed and initiated by the Client no later than **one (1) year** following the date of the Inspection. Otherwise, the claim will be barred. If the matter is in arbitration, the arbitrator will be bound by the terms of this paragraph as a limitation on the arbitrator's ability to render an award in favor of the Client.

. . . .

### ENTIRE AGREEMENT AND SEVERABILITY OF PROVISIONS

This Agreement contains the entire Agreement between the Client and the Inspector. This document supersedes any and all representations, both oral and written, among the parties. This Agreement may be modified, altered, or amended only in writing and having been signed by both the parties. Any provision of this Agreement which proves to be invalid, void, or illegal shall in no way affect, impair, or invalidate any other provision of this Agreement, and all such other provisions shall remain in full force and effect.

{3}     SWHI inspected the home and prepared a report. In the report the roof was described as fair with minor damage. Based on the representations in the report Plaintiff purchased the home and asked for the minor concessions from the seller for the small issues that SWHI identified.

{4}     After moving into the home, Plaintiff noticed water leaking into the home. Plaintiff had two roofers come out to evaluate the roof. He alleges he was told by these companies that the roof was compromised and had multiple soft spots, and that the leak damage appeared to have compromised the trusses. The contract required Plaintiff to contact SWHI to resolve any issues with the inspection. After unsatisfactory discussions with Mr. Gorum, the owner of SWHI, Plaintiff filed suit in district court seeking damages.

**Procedural history**

{5}     In his lawsuit, Plaintiff alleged that SWHI's inspection was substandard, and that it failed to disclose major issues with the home that should have been reported. SWHI filed a motion to compel arbitration. Plaintiff opposed the motion, contending the arbitration clause was substantively unconscionable and unenforceable because it (1) limited the consumer's statute of limitations to one year, while imposing no limit on SWHI, (2) authorized an award of attorney's fees and costs against a party who breached the Agreement's resolution of disputes clause, and (3) deprived a consumer who prevailed on an unfair trade practices claim of a statutory entitlement to their attorney's fees and costs by requiring each party to pay its own costs of arbitration (the "cost-sharing provision").

{6}     The district court denied the motion to compel arbitration. The district court held:

1.     Defendant's . . . arbitration clause is unreasonably favorable to one party, the Defendant, and, therefore unfairly unconscionable.

2.     Defendant's statute of limitations clause in the arbitration provision is substantively unconscionable because it limits Plaintiff's time period to file a complaint to one year but Defendant is given four years to file.

3.     Since this provision is central to the Defendant's arbitration provision, the arbitration provision as a whole must be stricken.

4.    Because the statute of limitations provision itself is unconscionable, [the district court] need not address the remainder of Plaintiff's concerns about the arbitration provision.

**DISCUSSION**

**I.    Standard of Review**

**{7}**    This Court applies a de novo standard of review to a district court's denial of a motion to compel arbitration. *Atlas Elec. Constr. Inc. v. Flintco, LLC*, 2024-NMCA-046, ¶ 4, 550 P.3d 881; *Lopez v. Transitional Hosp. of N.M., LLC*, 2023-NMCA-058, ¶ 4, 534 P.3d 1030. This standard specifically applies to claims of unconscionability. *Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 9, 470 P.3d 218.

**II.    The Time-to-Sue Provision in the Arbitration Contract Was Unconscionable**

**{8}**    "The [L]egislature and the courts of New Mexico have expressed a strong policy preference for resolution of disputes by arbitration." *United Tech. & Res., Inc. v. Dar Al Islam*, 1993-NMSC-005, ¶ 11, 115 N.M. 1, 846 P.2d 307 (internal quotation marks and citation omitted). "A court should thus not interfere with the bargain reached by the parties unless the court concludes that the policy favoring freedom of contract ought to give way to one of the well-defined equitable exceptions, such as unconscionability, mistake, fraud or illegality." *Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 21, 306 P.3d 480 (internal quotation marks and citation omitted).

**{9}**    "The substantive [unconscionability] analysis focuses on such issues as whether the contract terms are commercially reasonable and fair, the purpose and effect of the terms, the one-sidedness of the terms, and other similar public policy concerns." *Atlas Elec. Constr. Inc.*, 2024-NMCA-046, ¶ 7 (internal quotation marks and citation omitted). "Substantive unconscionability concerns the legality and fairness of the contract terms themselves." *Id.* (internal quotation marks and citation omitted).

**{10}**    "Substantive unconscionability requires courts to examine the terms on the face of the contract and to consider the practical consequences of those terms." *Dalton v. Santander*, 2016-NMSC-035, ¶ 8, 385 P.3d 619. "Courts may render a contract or portions of a contract unenforceable under the equitable doctrine of unconscionability when the terms are 'unreasonably favorable to one party while precluding a meaningful choice of the other party.'" *Id.* ¶ 6 (quoting *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 21, 146 N.M. 256, 208 P.3d 901).

**{11}**    The time-to-sue provision that is the subject of this appeal is unambiguously one-sided in that it requires only the consumer to bring their claim within one year of the inspection:

Any action regarding or arising from the condition of the Property and the Inspection and/or the written report must be filed and initiated by the Client

no later than one (1) year following the date of the Inspection. Otherwise, the claim will be barred. If the matter is in arbitration, the arbitrator will be bound by the terms of this paragraph as a limitation on the arbitrator's ability to render an award in favor of the Client.

Prior to the Supreme Court opinion in *Peavy*, that may have terminated our inquiry as it would focus only on the time the contract was made. *See Cordova*, 2009-NMSC-021, ¶ 39. Following *Peavy*, however, a more analytical approach is necessary. Once it is clear a provision is one-sided, "our only task is to determine whether [d]efendant presented sufficient evidence that the provision is fair and reasonable." *Atlas Elec. Constr. Inc.*, 2024-NMCA-046, ¶ 10.

**{12}** While Defendant appears to have presented a preprinted contract form, there is no evidence Plaintiff attempted to revise or eliminate the time-to-sue language or complained that he was rushed to file, so procedural unconscionability need not be a consideration. That leaves us to consider the factors tendered by Defendant and determine whether the contract was "fair and reasonable" in the present context.

**{13}** Defendant notes initially that the most likely, if not the only, claim it would face would be for its fee. The district court brought up potential physical injury to an inspector or other forms of breach of contract, and Defendant had no answer. Defendant did not offer any other explanation of how the provision, one-sided on its face, nonetheless operated in a fair and reasonable manner. Thus, the district court correctly held the contract was not fair and reasonable.

### III. The Cost-Sharing Provision is Also Substantively Unconscionable

**{14}** Plaintiff argues the cost-sharing language in the contract, providing that "each party agrees to pay its own costs of arbitration" is also unconscionable. Plaintiff claims that this provision strips Plaintiff of his right to cost-shifting and attorney's fees under the Unfair Practices Act (UPA). The UPA states that a prevailing plaintiff under the UPA "shall" recover his attorney fees and costs of litigation. *See* NMSA 1978, § 57-12-10(C) (2005) ("The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails."). The award of attorney fees and costs to a prevailing plaintiff encourages attorneys to represent victimized clients, even in small damages cases. *See Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶ 25, 124 N.M. 606, 953 P.2d 1104. The fee-shifting and cost-shifting in the UPA together allow consumers to pursue damages, no matter how small.

**{15}** Defendant does not rebut Plaintiff's claim that the cost-sharing provision in the arbitration agreement conflicts with the UPA's requirement for payment of costs and attorney's fees to a prevailing consumer. Because the statutory provision for costs and fees applies to the consumer, and not to the defendant, the arbitration provision is one-sided, harming the consumer. Defendant responds by arguing that the agreement is fair because the arbitrator can override the agreement's language and award attorney's

fees and costs, regardless of what the agreement states. We are not persuaded by Defendant's contention that this provision is meaningless and that the agreement would operate in a fair and reasonable manner to allow an award of costs and attorney's fees should Plaintiff prevail on her UPA claim. We therefore conclude that this provision is also unconscionable under New Mexico's law of contracts. *See also Sanchez v. United Debt Couns.*, 2024-NMSC-026, ¶¶ 17, 23, 562 P.3d 564 (holding the plaintiff properly raised a specific challenge of unconscionability by arguing that "the delegation clause is unconscionable under the UPA because it strips her of attorney's fees and costs for successfully litigating gateway issues").

## IV.    Severance

**{16}**    Although the district court's ruling was based only on the time-to-sue provision, Plaintiff presents secondary unconscionability arguments, relating to attorney's fee and costs. We have found one of these secondary provisions unconscionable. In *Cordova*, the Supreme Court recognized the difficulty of trying to excise multiple unconscionable clauses from an arbitration clause:

> We are reluctant to try to draft an arbitration agreement the parties did not agree on. This is particularly so in light of the categorization in the agreements of specific kinds of access to the courts World Finance had insisted on for itself. As we concluded in *Fiser* [*v. Dell Computer Corp.*], 2008-NMSC-046, ¶ 24, 144 N.M. 464, 188 P.3d 1215, we must strike down the arbitration clause in its entirety to avoid a type of judicial surgery that inevitably would remove provisions that were central to the original mechanisms for resolving disputes between the parties.

2009-NMSC-021, ¶ 40. Because the limitations on the consumer filing a claim, combined with the limitation on costs and attorney's fees are together central to the original mechanisms for resolving disputes between the parties, we agree with the district court that severance of these provisions is not an appropriate remedy.

## CONCLUSION

**{17}**    We affirm the district court decision.

**{18}    IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**